## Thorp *v.* Boudwin, Appellant.

*Negligence—Actions—Parties—Fall of building—Evidence—Opinion —Building inspector—Landlord and tenant.*

1. Where a person is injured by the collapse of a building, and it is doubtful whether the owner or the tenant is liable for the negligent act which caused the accident, the party injured may sue each party, but if he recovers judgment against both, he can claim only one satisfaction. In a suit against the tenant the latter may show that he was without fault, and that the negligence of the owner was the cause of the accident. Thus he may show that the building condemned was unsafe before he occupied it, that it had been improperly repaired, and that the owner had notice of its defective condition.

2. In such a case where the tenant is charged with overloading the floors and thus causing the accident, he may show that at the time

of the occurrence the floors were only loaded in the usual way, and that there was no unusual loading on that date to cause the accident.

3. In an action by an employee's wife against the employer to recover damages for the death of her husband caused by the collapse of a building leased by the defendant, the case is for the jury where the plaintiff charges that the accident was caused by the overloading of the floors of the building, and produces one witness who testifies that he was a city building inspector, that he was familiar with the building for several years, that prior to the occupancy by the defendant he condemned it and required repairs to be made; and that immediately after the accident he had examined every part of the building, and judging from the broken joists and other conditions was of the opinion that overloading caused the collapse, although he did not know as a fact that the floors had been overloaded.

Argued March 22, 1910. Appeal, No. 395, Jan. T., 1909, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1906, No. 2,702, on verdict for plaintiff in case of Amelia R. Thorp v. Howard Boudwin. Before Fell, C. J., Mestrezat, Potter, Elkin and Moschzisker, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before Ralston, J.

At the trial the defendant produced a number of witnesses to show the faulty construction of the building prior to the tenant's occupancy and its condemnation by the city authorities. These offers were overruled. [2–6]

The court also overruled an offer of the record of the suit of Amelia R. Thorp against the owner of the building. [7]

Defendant presented these points:

2. If the jury find that the owner leased the premises to the defendant as a slate mantel factory, and did not post a notice according to sec. 26 of the act of assembly of June 8, 1893, as to the floor capacity of the said building, and the defendant, in ignorance of its capacity, overcrowded the same, their verdict must be for the defendant. *Answer:* Refused. [8]

6. Under all the evidence their verdict should be for the defendant. *Answer:* Refused. [9]

The court charged in part as follows:

[Taking then for granted that this building would sustain seventy pounds to the square foot, in the point of view of Mr. Boudwin, had he any right to use that building where greater weight would be put upon the building than would ordinarily be put upon the floors of a dwelling?

In your judgment, should a man in the ordinary course of affairs, a man engaged in that sort of business, know what the capacity of the floors ought to be? Should a man take an ordinary dwelling and load the floors up with heavy stones without making any inquiry as to the bearing capacity of the floor?

If you find that it was Mr. Boudwin's duty to make some inquiry, some investigation of this building, so as to ascertain whether the floors were capable of sustaining the extra weight which he proposed to put upon them in his business, then you might find that he was negligent in not making such an investigation. Before, however, the plaintiff can recover you must also find from the testimony that the overloading of these floors was what caused them to fall and carry the front wall with them.] [10]

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Errors assigned* were (1) in admitting the evidence of the building inspector called by plaintiff; (2-7) various rulings on evidence, quoting the bill of exceptions; (8-10) above instructions, quoting them.

*Henry H. Farley,* with him *E. P. Gallagher,* for appellant.—The case is on all fours with the case of Martin v. McKenna, 176 Pa. 306.

The plaintiff failed to prove:

1. The alleged overloading.

2. That if the same was overloaded, the defendant did it negligently or knowingly.

3. That the building was unsafe for the purposes for which it was used.

4. That if the building was unsafe for the purposes for which it was used, the defendant had notice of it: Bradbury v. Coal Co., 157 Pa. 231; Huey v. Gahlenbeck, 121 Pa. 238; Reese v. Clark, 146 Pa. 465; Philadelphia & Reading R. R. Co. v. Schertle, 97 Pa. 450; Alexander v. Water Co., 201 Pa. 252; Stringert v. Ross Township, 179 Pa. 614.

The cause of the accident was the question to be determined by the jury, and as the case was not an intricate, extraordinary or unusual case, there was no justification for the admission of Mr. Mylertz's testimony: Shaw v. Boom Co., 125 Pa. 324.

The doctrine which is laid down in the cases of joint tort feasors, that there can be two judgments, but one recovery, does not apply in the case at bar: Becker v. Philadelphia, 217 Pa. 344.

*William J. Smyth*, for appellee.—It was established by the evidence that the building was of dwelling-house construction, and unfitted to be used as a slate factory, and when the owner leased the building for such a purpose without taking the precautions to comply with the law looking to the safety of those who might be employed therein, he created a legal nuisance, by which he became liable for injuries or damage resulting therefrom: Godley v. Hagerty, 20 Pa. 387; Carson v. Godley, 26 Pa. 111; Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489; Brown v. White, 202 Pa. 297.

Employers must provide a safe place in which their employees may work: Finnerty v. Burnham, 205 Pa. 305; Lillie v. Am. Car & Foundry Co., 209 Pa. 161; Schiglizzo v. Dunn, 211 Pa. 253; New v. Milligan, 27 Pa. Superior Ct. 516.

The character of the building itself, of light dwelling-house construction, was sufficient to warn both the owner and the tenant of the danger of loading it with heavy material: McKenna v. Gas Co., 198 Pa. 31; Toole v. Del., Lack. & West. R. R. Co., 27 Pa. Superior Ct. 576.

It is a principle of law, requiring no extended discussion, that all parties who contribute by their negligence to an injury are answerable in damages, and the suits may be brought separately or jointly: Fox v. Northern Liberties, 3 W. & S. 103; McKenna v. Gas Co., 198 Pa. 31; Toole v. Del., Lack. & Western R. R. Co., 27 Pa. Superior Ct. 576; Seither v. Traction Co., 125 Pa. 397.

OPINION BY MR. JUSTICE ELKIN, May 2, 1910:

We have concluded the judgment in this case must be reversed and our only doubt is whether the reversal should be with or without a venire. The husband of appellee was killed by the falling of the front wall and part of the floors of a building occupied by appellant as a slate mantel and imitation tile factory. The deceased husband was an employee of appellant and was engaged in the performance of duties for which he was employed when the building without warning collapsed and the fatal injuries resulted. Appellant occupied the building as tenant under a lease in writing designating the purpose for which it was to be used. It was used for the purpose stated and there is no evidence except that of the expert who examined the premises immediately after the accident to show that the use made of the building was an improper one, or that it was not suited to the use for which it was rented. The negligence charged is that appellant failed to provide and maintain a safe place to work, and that he negligently and carelessly permitted the walls, joists and floors to be and remain in an unsafe condition and the floors to be overweighted. No evidence was introduced to show that the joists and floors were not in good condition at the time and before the happening of the accident, or that the place was unsafe in any respect. The negligence charged in these respects must be considered out of the case so far as the record now stands. The single charge of negligence remaining is that the floors were overweighted, and this was the only question pressed at the trial. We agree with the

contention that the overloading of the floors under the circumstances of this case might properly be left to the jury in order to determine whether the accident was due to this cause. But the overloading, if it be a fact, must be established by testimony like any other substantive fact, else there is nothing to submit to the jury. The only witness produced to sustain this allegation was an expert engineer of construction who had served as a building inspector for the city, and as such was familiar with the building in question. He went upon the premises soon after the accident, made observation of the conditions as he then saw them, and testified that in his opinion the accident was caused by overloading the floors. He did not know as a fact that the floors were overloaded, or indeed to what extent they were loaded, but judging from the broken joists and other conditions found on the premises he gave it as his opinion that overloading caused the collapse. It is a close case on the vital question whether the opinion of this expert alone, based upon what he saw after the accident, was sufficient to carry it to the jury. We have concluded, however, in view of the fact that as building inspector he was familiar with the building for several years; that prior to the occupancy by appellant, as tenant he had condemned it and required repairs to be made; that immediately after the accident he had examined every part of the collapsed building and found slate slabs estimated to weigh 175 pounds per cubic foot on some of the floors and considerable quantities of slate stored in every part of the building as well as piled on the ground among the debris; that these facts and the opinion of the expert based upon them warrant a submission to the jury on the question of overloading. But it must not be overlooked, that all of these facts might be true, and yet the direct cause of the accident be the falling of the front wall of the building by reason of defective construction. Someone seems to have been at fault, and the important question to all concerned is whether it was the owner of

the premises or the tenant who occupied them. This depends upon what caused the collapse of the building. Was it occasioned by the tenant overloading the floors or did it result from the faulty construction and repair of the walls by the owner? Separate suits were brought, one against the owner and the other against the tenant. The plaintiff was clearly within her legal rights in thus instituting two suits on the theory that either the tenant or the owner was answerable in damages for the trespass committed, and since the liability of one or the other depended upon the facts which were in dispute, the only safe course to follow was to sue each party before the statute of limitations became a bar to either suit. While it is possible that a judgment may be recovered against the defendant in each suit, the plaintiff can only claim one satisfaction: Seither v. Traction Co., 125 Pa. 397. At this point and for these reasons it will avoid repetition to state that the seventh assignment of error is without merit.

The question to be determined is who is responsible for the injuries for which damages are claimed. Was the fault that of the owner or tenant? In such a controversy the tenant clearly has the right to introduce testimony tending to show that he was without fault and that the negligence of the owner was the cause of the accident. In this respect the learned trial judge erred in refusing to allow several offers of testimony. It was competent for appellant to show that the building had been condemned as being unsafe before its occupancy by him; that it had been improperly repaired by the owner; that the walls had not been properly bonded; that the owner had notice of these defective conditions at the time repairs were made; and that as a result of the defective construction of the walls the building collapsed. The defense was twofold, first, that the floors were not overloaded, and second, that the collapse of the building was caused by defective walls. Appellant was entitled to the full benefit of both branches of his defense; and as we

read the record this was denied him. It was competent to show whose duty it was to post the notices, and we see no reason why the inspector who had to enforce the law might not testify as to the rule or custom in posting notices, but we do not hold this to be reversible error because the fact could be proven by offering the act of assembly in evidence. It was clearly competent for appellant to show that the repairs to the walls had not been properly made when required and that the owner had notice of the unsafe alterations he proposed to make, and that these conditions remained to the time of the accident. Items of testimony tending to show these facts should have been admitted.

Also, it was competent for appellant to show that at the time of the accident the floors were only loaded in the usual way and that there was no unusual loading on that day to cause the accident. For these reasons we think the third, fourth, fifth and sixth assignments of error must be sustained, as also must the tenth but for a different reason. The first, seventh, eighth and ninth assignments are overruled.

We do not find in the record any evidence to warrant the instruction complained of in the tenth assignment. There is no evidence to show how much weight was on any floor, nor that it was the duty of the tenant to make an inspection for the purpose of ascertaining the carrying capacity of the floors and walls in his business. The difficulty with this case is, and it applies to both sides, there is too much theory and not enough facts. This case is not necessarily ruled by McKenna v. Paper Co., 176 Pa. 306; but when it is again tried substantive facts should be proved as a foundation upon which to base the assumptions, theories and distinctions relied on to sustain or defeat a recovery.

Judgment reversed and a venire facias de novo awarded.