# Pierce *v.* Lehigh Valley Coal Company, Appellant. (No. 1)

*Mines and mining—Deposit of culm—Damage to land.*

1. In an action by a landowner against the proprietor of a mining operation to recover damages for culm deposited on plaintiff's land by a stream, where there is evidence that the culm in very large quantities was deposited on plaintiff's land from the defendant's mine, the plaintiff's case is for the jury, although there may be evidence that culm

from the mines of other owners was also deposited upon plaintiff's land. In such a case it is for the jury to determine to what extent the culm deposited by the defendant in the stream damaged the plaintiff's land.

*Appeals—Failure to assign errors.*

2. An appellant may not complain of a ruling by the court below sustaining objections to offers of proof where no exceptions are taken on the trial to such rulings and they are not assigned for error on the appeal.

Argued April 11, 1911. Appeal, No. 1, Jan. T., 1911, by defendant, from judgment of C. P. Luzerne Co., March Term, 1904, No. 179, on verdict for plaintiff in case of Harry W. Pierce v. Lehigh Valley Coal Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for injuries to land. Before FERRIS, J.

The facts appear in the opinion of the Supreme Court and in the report of Pierce, Appellant, v. Lehigh Valley Coal Company, 40 Pa. Superior Ct. 566.

The defendant submitted the following point:

1. If the jury believe that any other culm than that which came from the defendant's operations got upon the plaintiff's land in the flood of 1902, the defendant being liable only for the damage done by its own culm, and there being no evidence of the proportion of the defendant's culm to the whole amount upon the plaintiff's land from which the jury could make such an apportionment, the verdict must be for merely nominal damages. *Answer:* The fourth point we are unable to affirm as it is expressed, and we therefore deny it, and it is not read. [1]

The jury rendered a verdict in favor of the plaintiff for $9,120 calculated as follows:

Total damage $15,500, per cent to Lehigh Valley Coal Company at forty per cent, $6,200; loss by delay in payment of damage, $2,920.

The court afterwards set aside the allowance of $2,920 awarded as compensation for delay, and entered judg-

ment on the remainder of the verdict.    Defendant appealed.

· *Errors assigned* were (1) refusal of defendant's fourth point as above and (2) that the verdict was excessive.

*J. B. Woodward,* with him *F. W. Wheaton* and *John T. Lenahan,* for appellant, cited: Little Schuylkill Navigation R. R. & Coal Co. v. Richards, 57 Pa. 142; Seely v. Alden, 61 Pa. 302; Howard v. Traction Company, 195 Pa. 391; Leidig v. Bucher, 74 Pa. 65; Gallagher v. Kemmerer, 144 Pa. 509; Sipe v. Pennsylvania Railroad Co., 219 Pa. 210.

*William S. McLean,* with him *John A. Opp,* for appellee. —Although the difficulty of separating the damage from each independent cause may be great, it does not change the nature of the tortious act of the defendant, or relieve him from liability: Gould v. McKenna, 86 Pa. 297; Little Schuylkill Navigation R. R. & Coal Co. v. Richards, 57 Pa. 142; Seely v. Alden, 61 Pa. 302; Pierce v. Lehigh Valley Coal Co., 40 Pa. Superior Ct. 566; Elder v. Coal Co., 157 Pa. 490; Gallagher v. Kemmerer, 144 Pa. 509; Hindson v. Markle, 171 Pa. 138; Hoffman v. Coal Co., 16 Pa. Superior Ct. 631; Bricker v. Conemaugh Stone Co., 32 Pa. Superior Ct. 283; Little Schuylkill Navigation R. R. & Coal Co. v. French, 81* Pa. 366; Lentz v. Carnegie Bros. & Co., 145 Pa. 612.

OPINION BY MR. JUSTICE MESTREZAT, May 23, 1911:

The defendant alleges the court erred in refusing to instruct the jury that there was no evidence from which they could apportion the defendant's culm to the whole amount deposited on the plaintiff's land, and, therefore, the verdict should be for nominal damages.    There is no assignment alleging error of law in the trial of the case.    After the first trial in the common pleas which resulted in a verdict for nominal damages under the instructions of the court, the defendant appealed to the Superior Court where

it was held that the plaintiff was entitled to compensatory damages and that there was sufficient evidence to submit to the jury to determine whether and to what extent the culm deposited by the defendant in the stream damaged the plaintiff's land. On the next trial there was a verdict and judgment for the plaintiff and from that judgment this appeal was taken. We do not agree with the learned counsel for the appellant that there was any substantial difference in the evidence submitted on the two trials. Both parties possibly strengthened their position by additional evidence, but after a careful review of the testimony we are satisfied that the case was for the jury and that the evidence warranted the verdict which was rendered in the second trial. Of course the evidence did not show with mathematical certainty the exact amount of culm from the defendant's collieries deposited on the plaintiff's land, that could not be expected, but it was sufficiently certain to justify the jury in finding the proportion of culm which they did find came from the defendant's collieries. In determining the accuracy of the verdict as to defendant's proportion of the culm on the plaintiff's land, it must not be overlooked that the jury at the request of the defendant spent three days in examining the premises with the assistance of two "showers" appointed by the court who were intimately acquainted with the places from which culm was produced along the Susquehanna river and its tributaries. This aided the jury greatly in passing on the vital question in the case. Under the evidence submitted, the jury would have been justified in finding that a greater proportion of the culm than forty per cent came from the defendant's collieries.

We are at a loss to see why the learned counsel for the appellant should complain of the court's ruling sustaining the objection to the defendant's offer to show on cross examination by plaintiff's witnesses that there was culm in the river other than the defendant's, when no exception was taken on the trial to such ruling and it is not assigned for error on this appeal. The learned counsel well

knows that if he desired to have the alleged error corrected he should have assigned the ruling of the court for error. It is idle to complain of the action of the court as is done in the printed brief and attempt to use it as an argument to sustain the allegation that the court erred in not directing a verdict for nominal damages. When the plaintiff rested on the trial of the cause, if the defendant company thought he had failed to show its proportion of culm deposited on the land it should have declined to offer any testimony and asked for binding instructions. It was sufficient for the plaintiff in the first instance to introduce evidence warranting the jury in finding that culm from the defendant's collieries was deposited on his land and caused the injury complained of. That is what was done. The defendant company did not ask for binding instructions at the conclusion of the plaintiff's testimony but introduced its own testimony to meet the plaintiff's case. The defendant cannot now complain that the plaintiff's case was in part made out by its own testimony. The learned court below instructed the jury that the burden was upon the plaintiff to show that his injuries resulted from the deposit of the defendant's culm on his premises, and that "if you believe that the culm on the plaintiff's land came partly from defendant's operations and partly from those of other people, what was the defendant's share of it, its proportion of it? What was the defendant's proportion of the injury which was done by the washing of its loose culm down upon the plaintiff's land? Before you can find compensatory damages against the defendant it is necessary for you to determine how much of that damage the defendant was responsible for." There was ample evidence to support the jury's finding as to the proportion of the defendant's culm deposited on the plaintiff's land, and the judgment is affirmed.