# Charles Eneu Johnson Company v. Philadelphia, Appellant.

*Negligence—Municipalities—Repair of streets—Independent contractor—Evidence—Two actions.*

1. A municipality is not always relieved from liability for injuries resulting from the work of an independent contractor in repairing its streets. If the city requires a street to be kept open for use by the public while the repairs are being made, the duty rests upon it to maintain the street in a reasonably safe condition for every purpose of a public highway, and this applies not only to travel upon the street and to injuries resulting to travelers thereon, but also to the burning of a building abutting on the street caused by inflammable rubbish which had been deposited in the street, and which the city had permitted to remain there for a long period of time.

2. In such a case the city is liable not only upon the ground that it caused the inflammable rubbish to be placed in the street, but because it failed to remove what amounted to a dangerous menace to the property abutting on the street, and to anticipate a fire communicating from the inflammable rubbish to nearby buildings.

3. In an action to recover damages for the burning of a building communicated from inflammable rubbish deposited in the street by a city contractor who was repairing the street, the trial judge commits no error in refusing to admit in evidence the record of a suit against the contractor for the same injury.

4. The plaintiff was clearly within his legal rights in instituting two suits on the theory that one party or the other, or perhaps both had committed the negligent acts about which complaint was made. In such cases, it sometimes happens that two separate judgments can be recovered, but there can be only one satisfaction.

Argued March 19, 1912. Appeal, No. 100, Jan. T., 1912, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1909, No. 328, on verdict for plaintiff in case of Charles Eneu Johnson Company v. City of Philadelphia. Before FELL, C. J., BROWN, POTTER, ELKIN STEWART, JJ. Reversed.

Trespass to recover damages for the burning of a building.

At the trial it appeared that plaintiff owned a building on Ritner street in the city of Philadelphia. Prior to the time of the fire, Ritner street was being repaired by Edwin H. Vare, a city contractor. There was evidence that the contractor had deposited large quantities of inflammable material in filling in the street, and that this had been permitted to lie exposed in the street for several weeks prior to April 21, 1908, when the material caught fire from a lighted cigar or match, and the fire was communicated to plaintiff's building. The plaintiff brought suit both against the contractor and against the city. The court refused to admit in evidence the record of the contractor's suit. Exception (3).

Defendant presented the following points:

4. "The uncontradicted evidence shows that whatever inflammable material was placed in the street, was placed there by an *independent contractor* with the city. If you believe this to be the fact, the city was not liable for the consequences of that act, and your verdict should be for the defendant."

Answer: Refused. (1)

2. "If you find that the fire did originate in the bed of Ritner street, and that such fire was caused by the throwing upon ignitible material there of a lighted cigar or lighted cigarette by a third party, the proximate cause of the injury to the plaintiff was the throwing of the lighted cigar or cigarette, an act for which the defendant is not liable, and your verdict must be for the defendant."

Answer: Refused. (2)

Plaintiff presented this point:

8. "If you find defendant's inspector inspected the grading of Ritner street in proximity to this property, and that he knew or ought to have known, that the street was being filled with large quantities of combustible materials, it is evidence of notice to the defendant of the condition of said street, and of the character of materials placed therein."

Answer: That I affirm. (4)

Verdict and judgment for plaintiff for $30,781. Defendant appealed.

*Errors assigned,* among others, were (1, 2-4) above instructions, quoting them, and (3) ruling on evidence, quoting the bill of exceptions.

*Joseph P. McCullen,* with him *James J. Breen,* Asst. City Solicitor, and *Michael J. Ryan,* City Solicitor, for appellant.—The city is not liable for the negligence of an independent contractor. Painter v. Mayor of Pittsburgh, 46 Pa. 213; Chartiers Valley Gas Coal v. Lynch, 118 Pa. 362; Welsh v. Parrish, 148 Pa. 599; Eby v. Lebanon County, 166 Pa. 632; Heidenwag v. Phila., 168 Pa. 72; White v. Philadelphia, 201 Pa. 512; Miller v. Merritt, 211 Pa. 127; Ginther v. Yorkville Boro., 3 Pa. Superior Ct. 403; Hooker v. Oakdale Borough, 5 Pa. Superior Ct. 404; Hunt v. Pennsylvania Railroad Company, 51 Pa. 475; Allen v. Willard, 57 Pa. 374; Ardesco Oil Company v. Gilson, 63 Pa. 146; Reed v. Allegheny, 79 Pa. 300; Wray v. Evans, 80 Pa. 102; Erie v. Caulkins, 85 Pa. 247; Erie School District v. Fuess, 98 Pa. 600; Smith v. Simmons, 103 Pa. 32; Edmundson v. Railroad Company, 111 Pa. 316; Susquehanna Depot Boro. v. Simmons, 112 Pa. 384.

The alleged negligence of the city was not the proximate cause of plaintiff's loss: Fairbanks v. Kerr, 70 Pa. 86; Allegheny v. Zimmerman, 95 Pa. 287; Peoria v. Adams, 72 Ill. App. 662; South Side Passenger Ry. Co. v. Trich, 117 Pa. 390.

The record of the contractor's suit should have been admitted: Emery v. Fowler, 39 Maine 326; Atkinson v. White, 60 Maine 396; Hill v. Bain, 15 R. I. 75 (23 Atl. Repr. 44); Emma Silver Mining Co. v. Emma Silver Mining Co., 7 Fed. Repr. 401; Anderson v. Fleming, 160 Ind. 597 (67 N. E. Repr. 443); Featherston v. Newburgh & Cochecton Turnpike Company, 71 Hun. 109 (24 N. Y. Supp. 603); Hayes v. Chicago Telephone Co., 218 Ill. 414 (75 N. E. Repr. 1003); Doremus v. Root, 23 Wash. 710 (63 Pac. Repr. 572); Portland Gold Mining Co. v. Stratton's Independence, 158 Fed. Repr. 63.

*Fred. Taylor Pusey,* with him *Louis F. J. Hepburn,* for appellee.—It is a well-settled principle of law that where the employer reserves the right to control the work, the person by whom the work is performed stands, as to it, merely in the position of servant or agent, and the principle of respondeat superior applies: Sadler v. Henlock, 4 Ellis & Blackburn 570; Allen v. Willard, 57 Pa. 374; First Presbyterian Congregation v. Smith, 163 Pa. 561; Sipe v. R. R. Co., 222 Pa. 400; Foehr v. R. R. Co., 40 Pa. Superior Ct. 7; Stork v. Philadelphia, 199 Pa. 462.

Whether or not the contract was independent the city is still responsible: Sanford v. Pass. Ry. Co., 16 Pa. Super. Ct. 393; Wyman v. Philadelphia, 175 Pa. 117; Norbeck v. Philadelphia, 224 Pa. 30; Beatrice v. Reid, 41 Neb. 214 (59 N. W. Repr. 770); Smith v. St. Joseph, 42 Mo. App. 392; First Presbyterian Congregation v. Smith, 163 Pa. 561; Berberich v. Ebach, 131 Pa. 165; Mahanoy Twp. v. Scholly, 84 Pa. 136; Burger v. Philadelphia, 196 Pa. 41; Drake v. Seattle, 30 Wash. 81 (70 Pac. Repr. 231); Birmingham v. McCary, 84 Ala. 469 (4 So. Repr. 630); Jefferson v. Chapman, 127 Ill. 438 (20 N. E. Repr. 33); Newman v. New York, 57 Misc. 636 (108 N. Y. Supp. 676).

The record in Johnson v. Vare was properly rejected: Baker v. Small, 17 Pa. Superior Ct. 423; Pennebaker v.

Parker, 33 Pa. Superior Ct. 458; Dutton v. Lansdowne Boro., 198 Pa. 563; Mehaffy v. Share, 2 P. & W. 361; Chandler's App., 100 Pa. 262; Walker v. Philada., 195 Pa. 168; Lentz v. Wallace, 17 Pa. 412; Moser v. R. R. Co., 233 Pa. 259; Kelsey v. Murphy, 26 Pa. 78; Wiest v. Electric Traction Co., 200 Pa. 148; Rowland v. Philadelphia, 202 Pa. 50; Goodman v. Coal Township, 206 Pa. 621; Brookville Boro. v. Arthurs, 130 Pa. 501; Building Society of Manayunk v. Holt, 184 Pa. 572; Sutter v. Kansas City, 138 Mo. App. 105 (119 S. W. Repr. 1084) ; Nelson v. Illinois Cent. R. R. Co. 53 So. Repr. 619.

OPINION BY MR. JUSTICE ELKIN, May 22, 1912:

We have concluded that there must be a reversal of the judgment in this case. The case was not tried on a proper theory, and as a result the rights and liabilities of the parties were not carefully defined. The liability, or non-liability of an independent contractor is not vital to the question here involved. A municipality is not always relieved from liability for injuries resulting from the work of an independent contractor in repairing its streets. If at the time of the commission of the negligent acts complained of, the contractor did not have the exclusive control of the street with the authority to prohibit the use of it by the public, the city may be liable for failure to perform its duty in exercising proper care in the supervision and control of that street as a public highway. If, as we understand the facts in the present case, the city required the street to be kept open for use by the public while the repairs were being made, the duty rested upon it to maintain the street in a reasonably safe condition for every purpose of a public highway: Wyman v. Philadelphia, 175 Pa. 117; Norbeck v. Phila., 224 Pa. 30. It is argued for appellant that this rule only applies to travel upon the street and to injuries resulting to travelers thereon. No reason is suggested for thus restricting the rule and we find no authority for so doing. In many jurisdictions it has been held that

a municipality making improvements, or doing work upon its streets, whether by an independent contractor or otherwise, is bound to take notice of the character of the work, and the condition of its streets, as affected by the prosecution and performance of such work, in so far at least as such streets may be rendered unsafe and dangerous by the work being done: Beatrice v. Reid, 41 Neb. 214; Smith v. St. Joseph, 42 Mo. App. 392; Birmingham v. McCary, 84 Ala. 469; Jefferson v. Chapman, 127 Ill. 438. If the city is bound to take notice of dangers occasioned by the repairs being made to the street, while it is being used by the public, it is its duty to exercise reasonable care in removing those dangers so as to avoid such injurious consequences as should have been reasonably anticipated. The evidence was not sufficient to sustain the charge that the city had negligently caused the inflammable materials to be placed on the street, and if this were the only ground upon which the right to recover depended, we would be compelled to say that no case had been made out. But, it is also charged that the city had "permitted said inflammable rubbish to be and remain in and upon said public highway in large quantities in close proximity to plaintiff's establishment, unprotected and unguarded, for a long space of time prior to said April 21, 1908, to wit, for several weeks prior thereto," and by reason of permitting such inflammable rubbish to be accumulated upon the public highway, a fire broke out and was communicated to the establishment of plaintiff, an abutting owner. If the city is liable at all in this case, it is not upon the ground that it caused the inflammable rubbish to be placed in the street, but because it failed to remove what amounted to a dangerous menace to the property of plaintiff; that it should have anticipated the consequences of a fire breaking out in the inflammable rubbish; and that failure to anticipate these dangers and remove them constitutes a negligent disregard of the rights of the complaining abutting

owner. The vital question is, what duty did the city owe to the abutting property owner under the facts of this case? This question was entirely disregarded at the trial for the reason, no doubt, that the city defended upon the ground that the negligence charged was that of an independent contractor for which it was not liable, while the appellee, on the other hand, tried the case upon the theory that the duty of the city to an abutting property owner was substantially the same as to a traveler upon the street. Both theories are wrong. The rights of an abutting property owner on one hand, and the duty of the city, on the other, were not defined, and the case was not submitted to the jury in such manner as to afford an opportunity for intelligent consideration and correct conclusion upon these questions. What duty did the city owe the complaining abutting owner? In Nevins v. Peoria, 41 Ill. 502, it was said: "A city has no more power over its streets than a private individual has over his own land, and it cannot under the plea of public convenience, be permitted to exercise that dominion to the injury of another's property in a mode that would render a private individual responsible in damages without being responsible itself. The same law that protects the property of one private individual against invasion by other individuals, must protect it from aggression on the part of municipal corporations." Upon this question we quote with approval the following language taken from an opinion of the Supreme Court of New Hampshire, in Gilman v. Laconia, 55 N. H. 130: "Indeed, for all purposes of construction and repair towns stand in a position which differs in no substantial respect from that of an owner of the fee; their control of the premises is so far absolute and exclusive. This, as it seems to me, obviously imposes upon them a duty towards the owner of adjoining land which, so far as regards the consequences of their acts and omissions in building and repairing is not to be distinguished from the duty of an ordinary adjoining

proprietor of land with respect to the premises of his neighbor. The purposes for which the land is taken is to build and maintain upon it a road for the use and accommodation of the public. To build and maintain such a road in a suitable and proper manner must, of course, always be held a reasonable use of the land, because this is the use to which it has been condemned...... But when it comes to a matter of an unsuitable and improper construction, or of a wanton or negligent disregard of the rights of the landowner in maintaining the highway, I see no reason why the maxim sic utere tuo ut alienum non laedas should not apply. To hold otherwise would, as it seems to me, be not only gross injustice but a palpable violation of legal principles that are quite fundamental and elementary." These cases are authority for the rule that the duty of a city, in exercising control and supervision over its streets, to an abutting property owner is analogous to the duty which an individual land owner owes to the premises of his neighbor. This view also finds support in other jurisdictions where the question has been raised, and we find nothing in our own cases to the contrary. This rule seems to be sound and we see no reason why it should not be followed. Under this rule the city in the case at bar would only be liable for damages to an abutting owner if the facts warranted the inference that it had permitted large quantities of inflammable materials to be placed in the street in such close proximity to the property of appellee as to amount to a wilful, or wanton, or negligent disregard of the rights of such abutting owner. The city would not be liable to the adjoining property owner for injuries caused by the ordinary use of the street, or for damages indirectly resulting from the ordinary and usual accumulation of waste materials upon the street. To permit a recovery in this case it must be shown that the accumulation of inflammable materials was unusual, extraordinary and dangerous, and that the city should have anticipated the danger to the property of appellee

as a consequence of a fire breaking out in the rubbish deposited so close to its property. While the city had certain duties to perform, appellee company also had duties which could not be disregarded. It was its duty to make all reasonable efforts to protect its own property, to guard against fire, and the greater the danger, the more imperative the duty; and if it failed to perform its duties, it would be guilty of contributory negligence and there could be no recovery. All of these legal positions depend upon the facts, which if sufficient, must go to the jury. We have indicated at some length the legal principles which should govern at the trial because we find no precedent in our cases for the precise question involved in this controversy.

The learned court below was clearly right in refusing to admit in evidence the record of the suit against the contractor. When the record was offered no judgment had been entered and the suit was still pending. But aside from this, that was an independent action, and it in no way affected the case at bar. The plaintiff was clearly within its legal rights in instituting two suits on the theory that one party or the other, or perhaps both, had committed the negligent acts about which complaint is made. In such cases, it sometimes happens that two separate judgments may be recovered, but there can be only one satisfaction: Seither v. Traction Co., 125 Pa. 397; Thorp v. Boudwin, 228 Pa. 165. The fact that the plaintiff failed in its suit against the contractor will not defeat this action, if the charges of negligence against the city are sustained by sufficient evidence.

One of the assignments of error raises the question of proximate cause. We can not agree that the city is relieved from all liability unless it be shown that some of its officers, or employees, started the fire, because this is not the negligence charged. We do agree that the question of proximate cause as it relates to the charges of negligence in this case was not defined, or explained to

the jury, so as to adequately instruct them upon the legal rights and duties of the parties.

Judgment reversed and a venire facias de novo awarded.