# Conway, Appellant, *v.* Pottsville Union Traction Company.

*Negligence—Joint tort feasors—Release of one—Release of all—Defenses—Presumptions—Judgment for defendant n. o. v.*

1. The test in determining whether or not a release or satisfaction in a proceeding founded on a negligent act is a bar to another proceeding for the same cause of action is whether there was joint negligence by the party released.

2. Where the cause of action is the same in several cases founded on tort, the inference is that defendants were joint tort feasors, and where defendant proves a release by the plaintiff to another defendant in an action on such cause there can be no recovery in the absence of evidence by the plaintiff to rebut the prima facie case so established for defendant, by showing that the latter's negligence alone caused the injury.

3. In an action against a street railway company to recover damages for the death of plaintiff's husband resulting from injuries occasioned by a defect in a bridge during the course of its reconstruction, judgment for defendant non obstante veredicto was properly entered where it appeared that defendant hired a contractor to reconstruct the bridge and such contract was in turn let to a subcontractor who after the accident obtained a release from the plaintiff reciting the receipt of the sum of one thousand dollars "in full satisfaction and payment of such sum or sums of money payable and belonging to me by any means whatsoever for or on account of the death of my husband."

Argued Feb. 14, 1916.   Appeal, No. 447, Jan. T., 1915, by plaintiff, from judgment of C. P. Schuylkill Co., May T., 1907, No. 402, for defendant non obstante veredicto in case of Annie E. Conway v. Pottsville Union Traction Company.   Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's husband.   Before BECHTEL, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $10,000.   The court subsequently entered judgment for defendant n. o. v.   Plaintiff appealed.

*Error assigned* was the entry of judgment for defendant n. o. v.

*James B. Reilly,* with him *M. M. Burke,* for appellant.

*Otto E. Farquhar,* with him *C. E. Berger,* for appellee. —Joint wrong-doers may be sued separately; and the plaintiff may prosecute the same until the amount of the damages is ascertained by verdict, but the injured party can only have one satisfaction: Heydon's Case, 11 Coke Rep. 5; White v. Philbrick, 5 Me. 147; Knickerbacker v. Colver, 8 Cowen (N. Y.) 111; O'Shea v. Kirker, 4 Bosw. 120 (17 N. Y. Super. 120).

OPINION BY MR. JUSTICE FRAZER, March 27, 1916:

This action is to recover damages for the death of plaintiff's husband, and the facts are as follows: Defendant owns and operates an electric railway which connects the Boroughs of Pottsville and Tamaqua in Schuylkill County, and passes through the Boroughs of Port Carbon and Palo Alto.   In the latter borough its railway crosses the tracks of the Philadelphia & Reading Railway Co. on a bridge which is conceded to be a public highway of the municipality.   Defendant, in contempla-

tion of making certain improvements and betterments to its system, procured the consent, by ordinance duly adopted, of the Borough of Palo Alto, to replace the old bridge over which its line extended with a new steel and iron structure, and for the purpose of carrying out its proposed improvements entered into a contract with the Eastern Penna. Railways Co., which latter company subsequently contracted with J. G. White Co., Inc., to do the work, and that company in turn let the contract to the S. M. Bowles Co.   The latter company proceeded to carry out its contract and during the progress of the work of reconstruction a portion of the planking between the railway tracks on the bridge in Palo Alto was removed and the space permitted to remain open and insufficiently guarded for a considerable time.   The verdict, which was in plaintiff's favor, establishes that her husband about 3 a. m. of April 17, 1907, in attempting to cross the bridge, fell through the practically unguarded open space receiving injuries which resulted in his death.   Separate suits were begun by plaintiff against each of the four companies named above, the only proceeding, however, prosecuted is the present action. Previous to the trial plaintiff executed a release to the Bowles Co., which recited the receipt of the sum of $1,-000, "in full satisfaction and payment of such sum or sums of money payable and belonging to me by any means whatsoever, for or on account of the death of my husband."   Defendant contends this receipt and release operated as full satisfaction of plaintiff's claim for damages for the death of her husband, and was, therefore, a complete defense in the present action.

The trial judge submitted to the jury the various facts in dispute, including the questions of negligence and contributory negligence, reserving the question of law as to the effect of the release.   He also left to the jury the question whether defendant retained and exercised the right of supervision and control of the premises during the progress of the construction of the new bridge, charg-

ing that, if defendant turned the work over to the contractor and exercised no control, the verdict should be for defendant. The jury found for plaintiff, and the court subsequently entered judgment for defendant non obstante veredicto. The single question, therefore, for consideration is, whether under the circumstances the release given by plaintiff to the contractor operated as a satisfaction for the injury and a discharge of defendant from liability.

The agreement between defendant and the Eastern Penna. Railways Co. was not obtainable at the time of the trial, consequently no copy of it appears in the record, and we are, therefore, without means of knowing the precise conditions under which the work of reconstruction was let by defendant. In the contract between the Eastern Penna. Railways Co. and the J. G. White Co., Inc., the latter is paid for its services by stated commissions on the total cost of the work completed from time to time, and it is expressly provided that all employees shall be considered the employees of the railways company, and subject to its direction. The contract between J. G. White Co., Inc., and the Bowles Co. contains a clause stipulating that the contractor is so to conduct the work as not to interfere with the safe passage of cars and traffic over the bridge, and there is also a clause indemnifying the former against the contractor's negligence. We deem it unnecessary to determine the effect of these various contracts as to the liability of the parties for negligent performance of the work, in view of the admitted facts and the release given by plaintiff to the contractor.

Plaintiff was, undoubtedly, within her rights in bringing separate actions against each person connected with the construction of the bridge, and might have obtained judgment against any or all of them. She could, however, have but one satisfaction for the trespass, Chas. Eneu Johnson Co. v. Philadelphia, 236 Pa. 510, and therefore a satisfaction of any of the judgments would

amount to a satisfaction of all, for the reason that the cause of action is the same: Johnson Co. v. Philadelphia, supra; Seither v. Philadelphia Traction Co., 125 Pa. 397; Peterson v. Wiggins, 230 Pa. 631.    In the last case cited plaintiff sued a subcontractor for the death of her husband and settled her claim for a consideration. Subsequent to the settlement she began action in trespass against the principal contractor for the same cause of action, and the record of the former suit was offered as a bar to recovery.    We there held that as the cause of action was the same in both cases, the inference was that defendants were joint tort feasors, and, in absence of evidence by plaintiff to rebut the prima facie case for defendants by showing the latter's negligence alone caused the injury, there could be no recovery and judgment for defendants was properly entered.    In Smith v. Roydhouse, Arey & Co., 244 Pa. 474, plaintiff released a subcontractor from liability for an injury in consideration of the payment of $2,500, and on condition that no suit would be brought.    Following the execution of the release an action was instituted against the contractor, who set up in defense the release given the subcontractor.    On page 478, it was said by Mr. Justice STEWART, "Aside from this paper it cannot be said that the evidence discloses anything from which a joint negligence, as between these parties and the defendant, may be inferred; on the other hand, it is entirely clear that, while the evidence established the defendant's negligence to the satisfaction of the jury, neither the evidence nor the verdict exculpates the subcontractors.    For all that appears the negligence of the subcontractors may have concurred with that of the defendant in producing the result.    It is the contention of appellant here, just as it was in Peterson v. Wiggins, 230 Pa. 631, a close parallel, that in this collateral issue the burden was on the party asserting the bar to show that the negligence of the party released concurred with that of his own in producing the injury complained of; in other words, that the party re-

leased was a joint tort feasor.   In that case we did not deem it necessary to pass on the question raised, for the reason that, if such burden did rest on defendant, he had fully discharged it by establishing a prima facie case which had been in no way rebutted.   That this case calls for a like ruling will be made clear by a brief reference to the facts on which the case was decided."   On page 479, it was further said : "The act that operated as a bar to the subsequent action was not the bringing of the earlier suit, but the settlement and extinguishment of the cause of action by receiving money from one charged with the negligence which occasioned the injury for which compensation was claimed.   If the evidence in the case referred to establishes a prima facie case on this collateral issue, no less certainly did the paper signed by the plaintiff and introduced in the case releasing the subcontractors from liability for the same injury as that for which he subsequently brought suit against the defendant, together with the admission of record.   There being nothing in rebuttal the sufficiency of the evidence was for the court."

The conclusion from the foregoing decisions is that the test in determining whether or not a release or satisfaction in one proceeding is a bar to another for the same cause of action is whether there was joint negligence by the party released.   In the present case, regardless of the question whether or not the contractors were acting in an independent capacity, it is not denied they were in charge of the work, and it was their employees who permitted the bridge to be in a dangerous condition at the time of the accident which resulted in the death of plaintiff's husband.   The negligent act was on the part of those in active charge of the work and whether they were solely responsible for it, or whether defendants were also. liable for their negligence, is immaterial.   In neither event could it be shown that the sole responsibility rested on defendants.   The mere fact that the owner is also liable for the acts of the contractor does not relieve the

latter from liability for his individual negligence. There being no substantial dispute as to which company actually did the work, the question of the effect of the release was for the court, and judgment was properly entered for defendants.

The judgment is affirmed.