## Gray v. Philadelphia & Reading Coal and Iron Co. et al.

*Negligence—Joint tortfeasors—Release of one tortfeasor.*

1. The principle that the release of one joint tortfeasor is a release of all does not apply where there was no joint negligence by the party released.

2. Where a plaintiff wishes to sue joint tortfeasors, he may sue each one separately, but he can have but one satisfaction; a failure to sue some tortfeasors is not a release of those who are sued.

3. Where a bill in equity is filed by a land owner against several coal-mining companies, operating on a river, to restrain them from depositing mine refuse in the river and for damages, the defendants are not joint tortfeasors, inasmuch as the cause of action is not the same against each one, but is only similar.

4. In such case, each defendant's act is separate and independent, and each defendant is liable only for the damage done by him or it.

5. If the plaintiff omits parties who, under Equity Rules 16 and 17, should have been joined as defendants, the court will make the omitted parties additional defendants.

Amended bill for injunction. Preliminary answers to the bill. C. P. Schuylkill Co., March T., 1925, No. 2, in Equity.

*A. D. Knittle* and *George M. Gerber*, for plaintiff.

*John F. Whalen, George M. Roads, Roscoe R. Koch* and *M. M. Burke*, for defendants.

KOCH, J., Sept. 12, 1927.—The original bill of complaint included the Schuylkill Valley Coal Company, the Darkwater Coal Company and the Alliance Coal Company as defendants, but they have been omitted in the amended bill of complaint, and the plaintiff has added the Repplier Coal Company, South Penn Coal Company and Madeira-Hill & Company as defendants.

The plaintiff is the owner of certain real estate abutting the Schuylkill River in Port Carbon. The defendants are anthracite coal mine operators, whose mines are located on the banks of said river or on tributaries thereto. In mining, preparing, washing and cleaning coal, the defendants discharge

into said river and its tributaries certain mine refuse, or place it so near to the said stream and its tributaries that it is carried into the same by ordinary rains and finds its way on to the property of the plaintiff, to her injury and damage. There are also large banks of such refuse on some or all of the properties operated by the defendants, from which said banks refuse is carried into said stream by ordinary rains.

The main purpose of the bill of complaint is to obtain a restraining order against all the defendants to prevent them from depositing mine refuse in such position as to find its way into said river and its tributaries, and incidentally to have the damages suffered by the plaintiff apportioned among and adjudged against the respective defendants.

The Philadelphia & Reading Coal and Iron Company, the Saint Clair Coal Company, the Bell Colliery and the Repplier Coal Company have filed preliminary objections to the amended bill, averring as a ground "that, inasmuch as the original bill averred that the defendants originally named were jointly responsible for the alleged damage to the complainant's property, the amended bill cannot be maintained, for the reason that the complainant, by excluding certain operators alleged to be jointly liable with the other operators named as defendants, has thereby released the other alleged joint tortfeasors, and that the complainant may not proceed in equity against" these four parties who filed preliminary objections.

The principle that the release of one tortfeasor is a release of all, as stated in Conway v. Pottsville Union Traction Co., 253 Pa. 211, does not apply to this case. It is there said that "the test in determining whether or not a release or satisfaction in one proceeding (founded on a negligent act) is a bar to another for the same cause of action is whether there was joint negligence by the party released." But the negligence is not joint in this case, and a release of one is not a release of the others: Gallagher v. Kemmerer, 144 Pa. 509.

"It is a settled rule that whenever satisfaction has been received from one of several joint tortfeasors, all are thereby discharged," and where the cause of action in trespass against several or more defendants is the same, the defendants are joint tortfeasors: Peterson v. Wiggins, 230 Pa. 631, 633. Even though they may be separately sued: Conway v. Pottsville Union Traction Co., 253 Pa. 211; Smith v. Roydhouse, Arey & Co., 244 Pa. 474; Johnson Co. v. Philadelphia, 236 Pa. 510; Thorp v. Boudwin, 228 Pa. 165. Where a plaintiff wishes to sue joint tortfeasors, he may sue each one separately, but he can have but one satisfaction: Conway v. Pottsville Union Traction Co., 253 Pa. 211. So a failure to sue some tortfeasors is not a release of those who are sued. In all the cases relied upon by these defendants satisfaction was made with one of the joint tortfeasors, and such satisfaction inured to the benefit of each of the other joint tortfeasors. They were all accident cases. Besides, the defendants in this equity case cannot be properly called joint tortfeasors, because the cause of action is not the same against each one. The cause of action is only similar in all the cases. Each defendant's act is separate and independent, and each defendant is liable only for the damage done by him or it: Gallagher v. Kemmerer, 144 Pa. 509. "That the defendant is not responsible for the wrongful acts of others cannot be questioned. If the deposit complained of was carried down from other coal operations than those managed by the defendant, the latter cannot be charged with the consequence of the fault of others:" Pierce v. Lehigh Valley Coal Co., 40 Pa. Superior Ct. 566, 571. See, also, Pierce v. Lehigh Valley Coal Co., 232 Pa. 165, in which the jury held the defendant had contributed 40 per cent.

to the plaintiff's damages. While each one is a tortfeasor, all of the others are in no sense joint tortfeasors, because the cause of action is not identical, although the cause of action in each case is similar to the cause in all the other cases. If each defendant were to haul mine refuse upon plaintiff's property without her consent, it should be apparent that each defendant would be obliged to pay her only the damages resulting from such defendant's separate and independent hauling of mine refuse; and satisfaction from one defendant could not possibly work satisfaction for all the other defendants. Therefore, if the refuse is delivered on the plaintiff's property by a stream of water instead of hauling, the remedy of plaintiff is exactly the same and her right of compensation is not changed by the mode of delivery of the mine refuse. Her remedy is the same in either case, and compensation from each defendant for his proportionate amount of the total injury is all that she can claim from each one separately. All these defendants cannot be made joint tortfeasors by the mere averment in the bill of complaint that the plaintiff's damage is "the single, united and combined act of all the defendants."

But as Equity Rule 16, in part, provides (except in certain cases) that "All parties primarily liable to plaintiff, in case of a successful prosecution of a suit in equity, shall be made either plaintiffs or defendants in the proceedings, unless they represent a class so numerous as to render it inconvenient to include them all," etc., and Rule 17 says, "At any stage of the suit, the court may direct the joinder of additional parties if it is deemed essential in order that justice and equity may be done, and may stay the proceeding until compliance with this requirement," and Rule 18 provides, "Where plaintiff has a claim against several persons, either as principals or sureties, whom he may sue separately or together, he may in equity proceed against such of them only as he would be required to sue, if suing at law, but those named may, by their answers, make the omitted parties additional defendants," etc., we will now make the omitted parties additional defendants. We do this the more particularly because the second prayer of the defendant's bill asks "that the amount of damage sustained by the said plaintiff . . . be ascertained, and that the amount so ascertained be assessed against each defendant in proportion to his contribution to the plaintiff's injury or damage."

Such joinder will conform with the doctrine stated in this case when it was carried up to the Supreme Court, as found reported in 286 Pa. 11, because it will save a multiplicity of suits and will promote the convenience of the court and of all parties. And especially so, in view of the fact that the Supreme Court said on page 16: "When once the jurisdiction has thus attached, equity will proceed to round out the whole circle of controversy, by deciding every other contention connected with the subject-matter, including the amount of damages to which plaintiff is entitled because of injuries theretofore sustained."

And now, Sept. 12, 1927, the preliminary objections to the bill by the Philadelphia & Reading Coal and Iron Company, the Saint Clair Coal Company, the Bell Colliery and the Repplier Coal Company are dismissed; the Schuylkill Valley Coal Company, the Darkwater Coal Company and the Alliance Coal Company are added as parties defendant; the complainant's bill is directed to be amended accordingly, and thereupon each of the defendants shall be allowed thirty days to make answer to the bill on its merits after service of the same.

NOTE.—See Gray v. Phila. & Reading C. & I. Co. et al., 286 Pa. 11.