McShea v. McKenna, Appellant, and Ippolito.

Argued December 14, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Joseph S. Conwell,* and with him *Layton M. Schoch,* for appellant.—Where co-defendants are charged as joint tortfeasors, the jury may not split its verdict and apportion the damages severally between them:

McCarthy v. DeArmit, 99 Pa. 63; Huddleston v. Borough of West Bellevue, 111 Pa. 110; Washington Gas Light Co. v. Lansden, 172 U. S. Reports 552. Satisfaction or discharge of a judgment against one of two joint tortfeasor's satisfies and discharges the other: Seither v. Philadelphia Traction Co., 125 Pa. 397; Thorpe v. Boudwin, 228 Pa. 165; Peterson v. Wiggins, 230 Pa. 631; Conway v. Pottsville Traction Co., 253 Pa. 211; Betcher v. McChesney, 255 Pa. 394.

*J. Webster Jones,* for appellee.—Equal division of the verdict against two joint tortfeasors is not ground for a new trial: Goldman v. Mitchell-Fletcher Co., 288 Pa. 102; McIlvaine v. McIlvaine, 6 S. & R. 559; Stevens v. Addis, 7 North 154, Vales Penna. Digest, Volume IX, column 27878. Where judgment was entered against two joint tort feasors for one-half the amount of the verdict, satisfaction of judgment against one does not release the other: Dennison v. Railroad Co., 21 Pa. Superior Ct. 248.

OPINION BY TREXLER, J., March 1, 1929:

Two automobiles, each of which was driven by one of the defendants, collided on Broad Street and then struck the plaintiff's car and caused the damages to recover which this action was brought against both defendants. The allegation in the statement of claim is that both of them were negligent and that their joint act caused the injury. At the trial, the judge instructed the jury to ascertain the amount of damages and to enter a verdict for half against each defendant. In McCarthy v. DeArmit, 99 Pa. 63, it is stated, "In trespass all the defendants are alike guilty, each is liable for the damages sustained without regard to the different degrees or shades of guilt; the damages are not divisible, and the verdict should be for one amount against all the defendants, for such

sum as the most culpable ought to pay. This rule has few exceptions." To this same effect are Huddleston v. Borough of West Bellevue, 111 Pa. 110; Dennison v. R. R. Co., 21 Pa. Superior Ct. 248, 256; see 17 C. J. 1084. Although this was error, the defendants were not injured by the division of the damages for the result is that each was liable to pay only half as much as the damages actually were.

It appears on the record that after the entry of the two judgments, satisfaction was entered for the judgment against one defendant and the appellant, the other defendant, petitioned the court to have the judgment against him satisfied. In McLaughlin v. Monaghan, 290 Pa. 74, it is stated that the rule of law that a valid release of one joint tort feasor operates as a release of all, is undoubted. When satisfaction has been received from one of several joint tort feasors, all are thereby discharged: Peterson v. Wiggins, 230 Pa. 631. "In such cases, it sometimes happens that two separate judgments may be recovered but there can be only one satisfaction: Seither v. Traction Co., 125 Pa. 397; Thorp v. Boudwin, 228 Pa. 165." Johnson Co. v. Phila., 236 Pa. 510. The test in determining whether or not release or satisfaction in one proceeding is a bar to another for the same cause of action is whether there was joint negligence by the party released: Conway v. Pottsville Traction Co., 253 Pa. 211. Where that fact appears on the record, it is for the court to decide whether the suit was brought for a joint trespass: Peterson v. Wiggins, supra. There is no doubt of that fact in the present case.

The only case cited by appellant is Goodman v. Mitchell Fletcher Co., 292 Pa. 354, and he argues that the case supports the principle that there may be contribution between joint tort feasors (as indeed it does) in certain cases. This subject is exhaustively

considered, but that case does not purport to change the rule as to the liability of joint tort feasors to the party injured and Justice SHAFFER, who wrote the opinion, has forstalled the conclusion urged by the appellee by the remark that much of the confusion in regard to contribution between wrong doers "is due to the failure to differentiate between the liability of tort feasors to third parties and for contribution among themselves."

We are all of the opinion that the defendant is entitled to have the judgment against him satisfied and the order of court dismissing the petition to have the judgment marked satisfied is reversed and the record remitted to the end that the judgment may be marked satisfied upon the payment of unpaid trial costs. Appellee to pay cost of appeal.