## JONES v. WATERMAN S. S. CORPORATION et al.

### No. 1481.

District Court, E. D. Pennsylvania.

Jan. 31, 1945.

Freedman & Goldstein and Paul M. Goldstein, all of Philadelphia, Pa., for plaintiff.

Rawle & Henderson, by Joseph W. Henderson, all of Philadelphia, Pa., for Waterman S. S. Corporation.

Henry R. Heebner, of Philadelphia, Pa., for Reading Co.

GANEY, District Judge.

This is an action for maintenance and cure.

The plaintiff, David E. Jones, was a seaman on the S. S. Beauregard, and after leaving the ship, proceeded toward the street on the pier of the Reading Company on which all the lights had been extinguished and he fell into an open ditch sustaining multiple injuries.

The plaintiff instituted a civil action, No. 1480, against the Reading Company, the third party defendant herein and at the same time instituted a civil action against Waterman Steamship Corporation for wages, maintenance and cure. The suit against the Reading Company was tried before a jury and a verdict rendered in the amount of $2,387.50 in favor of the plaintiff. Subsequently a motion for judgment n. o. v. was denied but the defendant's motion for a new trial was granted. Jones v. Reading Company, D.C., 45 F.Supp. 566. Later, the plaintiff entered into a settlement with the Reading Company by giving it a release for the sum of $750 wherein he discharged the Reading Company of all claims and damages which he had or thereafter may have had of any matter, cause or things, "and particularly, but without limitation of the foregoing general terms, by reason of injuries and losses sustained

as a result of a fall on Pier C, Port Richmond, Philadelphia, on or about January 16, 1941, while proceeding from the SS 'Beauregard' toward the street, to recover for which I brought suit in the U. S. District Court for the Eastern District of Pennsylvania against Reading Company, in Civil Action No. 1480, said suit to be marked settled, discontinued and ended of record".

In the instant suit for maintenance and cure the defendant filed its answer to the complaint setting forth the aforesaid release which the plaintiff had executed with the Reading Company and brought in the Reading Company as a third party defendant on the ground that the defendant was entitled to indemnity from the Reading Company for any and all sums which the plaintiff might recover from the defendant.

The matter came to trial without a jury and the plaintiff. offered in evidence the testimony of the plaintiff, David E. Jones, as it was given at the time of the trial in Jones v. Reading Company, No. 1480, as well as the shipping articles which were in effect during the time of the plaintiff's service on the S.S. Beauregard as well as the testimony of Dr. Louis S. Chaess and Ethel Mary Capelli also taken in the civil action No. 1480 of Jones v. Reading Company.

The defendant offered in evidence the complaint of the plaintiff in the civil action No. 1480 as well as a photostatic copy of the release and a photostatic copy of the shipping articles of the S.S. Beauregard dated February 5, 1941. It was agreed that maintenance be fixed at $75 per month.

 The main issue in the case is whether the release given by the plaintiff to the Reading Company is a bar to his maintaining this action for maintenance and cure against the defendant, Waterman Steamship Corporation. This is not a case of joint tort-feasors where the release of one is a bar to an action against the other, in which case the test is whether there was joint negligence by the party released. Conway v. Pottsville Union Traction Company, 253 Pa. 211, 97 A. 1058. Here we have an action in tort for negligence against the Reading Company which is compromised and a release given to it upon payment of $750 and the plaintiff in this action offering the same testimony as was offered in the tort action, including his testimony, the doctor's testimony, and his claim for wages, doctor and hospital bills as well as maintenance which was referred to in the trial as maintenance and cure. All the elements which the plaintiff could possibly obtain here by his action for maintenance and cure were made the subject of the civil action against the Reading Company, though pain and suffering and other items in addition were also recoverable. Accordingly, it seems to me that the plaintiff is attempting to recover twice for the same injury. True it is that the one action was in tort for negligence and the present action sounds in contract by reason of the implied contractual relationship which arises from the relation of the parties but the matter for which satisfaction is sought is common to both actions. That which is sought for in this case is wages, doctor bills and maintenance, which was part of the subject matter of the suit which was compromised by the release. It is so much identical that testimony seeking to prove the subject matter of the present action is the same testimony which was offered in the negligence action and therefore it seems to me to permit recovery here though in a different cause of action would be to enable the plaintiff to secure two satisfactions for the same injury. It seems to me that the doctrine laid down in Thompson v. Fox, 326 Pa. 209, 192 A. 107, 109, 112 A.L.R. 550, is clearly applicable in the instant case, where it was stated that, "the rule is that the injured person is given a legal remedy only to obtain compensation for the damage done to him, and when that compensation has been received from any of the wrongdoers, his right to further remedy is at an end." This sound principle of law, it seems to me, should not be defeated merely because it is possible for the plaintiff to couch a recovery under a different cause of action. The plaintiff here relied on The Federal No. 2, 2 Cir., 21 F.2d 313, where a seaman was injured while on the deck of his employer's barge by the negligence of another adjoining vessel. His employer paid his cost of maintenance and cure during his disability and brought suit against the other vessel for reimbursement and the court held that the obligation to pay maintenance and cure rests on a contractual basis between the seaman and his employer and was not an element of damage for which the negligence of the third party would be responsible. This case merely holds that the law does not predicate liability upon a

32

party occasioning a contingency contemplated in the contract of employment and the reasoning here used by the court would be a good defense to the third party plaintiff's action against the Reading Company for indemnity, in the event the plaintiff were successful in holding the defendant in this action for maintenance and cure.

To permit the plaintiff to successfully prosecute this action as stated heretofore would be to enable him to obtain two satisfactions for the one injury by resort to two different causes of action.

Judgment is accordingly entered for the defendant.