# Peterson, Appellant, *v.* Wiggins.

*Negligence—Joint tort feasors—Satisfaction of claim—Discharge.*

1. Whenever a satisfaction has been received from one of several joint tort feasors, all are thereby discharged.

2. Where a woman brings an action in trespass against a subcontractor for the death of her husband, and settles and discontinues the suit for a money consideration, and subsequently she brings another action of trespass against the principal contractor for the death of her husband, setting forth exactly the same cause of action, the record of the first suit offered in evidence at the trial in the second suit will be a complete bar to recovery in the second suit in the absence of any evidence offered by the plaintiff to show that the defendant's negligence alone occasioned the injury.

Argued Jan. 11, 1911. Appeal, No. 302, Jan. T., 1910, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1904, No. 2,488, for defendants non obstante veredicto in case of Matilda Peterson v. John R. Wiggins et al. copartners, trading as John R. Wiggins & Company. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before Willson, P. J.

At the trial defendants made the following offer:

Mr. Bracken offered in evidence record in the case of Matilda Peterson v. Lewis G. Shoemaker and Thomas C. Satterthwaite, copartners, trading as Lewis G. Shoemaker & Company, court of common pleas No. 5, December Term, 1903, No. 719.

Mr. Bracken: In connection with the record I also offer in evidence the admission made by the plaintiff, to wit, that she is the plaintiff in the suit against Shoemaker & Company and made a settlement with Shoemaker & Company in that suit, wherein she received from them the sum of $500 and gave to them an order to mark the said suit discontinued, settled and ended, the claim in that suit being based upon the same accident which is the basis of the present suit.

Mr. Scott: As to the admission, I do not see how that can be offered in evidence.

As to the record, I object to it, because it is absolutely immaterial and irrelevant.

The Court: This is intended to lay the basis of a claim on the part of the defendants that one of two tort feasors made a settlement, and that that enures to the benefit of the other.

Mr. Bracken: Yes, sir. That he cannot make a settlement with one man and hold him responsible and turn around and sue somebody else.

Objection overruled.

Exception noted for plaintiff by direction of the court. [1]

The plaintiff's statement of claim in the suit of Matilda Peterson v. Lewis G. Shoemaker et al. was the same, except as to the name of the defendants, as in the present suit.

Verdict for plaintiff for $3,500. Subsequently the court entered judgment for defendants non obstante veredicto.

*Errors assigned* were (1, 2) in entering judgment for defendants n. o. v.; (3) ruling on evidence, quoting the bill of exceptions.

*Henry J. Scott,* for appellants, cited: Thomas v. R. R. Co., 194 Pa. 511; Gallagher v. Kemmerer, 29 W. N. C. 87; McCully v. Clarke, 40 Pa. 399; Kay v. Penna. R. R. Co., 65 Pa. 269; Penna. R. R. Co. v. Spicker, 105 Pa. 142.

*F. B. Bracken,* of *Loughlin & Bracken,* for appellees.— The case is ruled by Seither v. Phila. Traction Co., 125 Pa. 397.

OPINION BY MR. JUSTICE STEWART, March 20, 1911:

If it be a fact appearing in the case that the present action was brought against defendants for a joint trespass with another, and that that other having made compensation for the injury had been released from liability, then the case was rightly ruled in the court below, and the judgment non obstante must be sustained; for it is a settled rule that whenever satisfaction has been received from one of several joint tort feasors all are thereby discharged. The contention of the appellee here is that this rule, which is admitted, applies only as between established joint tort feasors, so that when one is separately sued for the trespass alleged—in the present case it was negligence resulting in the death of plaintiff's husband—he can avail himself of the rule only as he shows that the party who was released was in fact a joint trespasser with himself. For the sake of the argument we may concede that this is so. The position taken is not without authorities supporting it, though authorities to the contrary are even more numerous. The case in hand calls for no opinion as to which rest on the better reason, for if any such burden rested on these defendants it was met and discharged. There appears on the record of this case the following admission by the plaintiff's counsel: "I will admit that the plaintiff, in this case, in addition to the present suit, brought a suit against Shoemaker & Company, and that Mr. Wylie representing Shoemaker & Company, in that case, paid her $500 for an order to discontinue, settle, and end the suit of Matilda Peterson v. Lewis G. Shoemaker

and Thomas C. Satterthwaite, copartners trading as Lewis G. Shoemaker & Co., Court of Common Pleas, No. 5, December Term, 1903, No. 719." This was immediately followed by an offer by defendants' counsel of the record of the case referred to in the above admission. It was objected to solely on the ground that it was irrelevant and immaterial. The objection was promptly and properly overruled and the record admitted. From an examination of the record in that case it clearly appears that the cause of action was the same there as here. The statement filed in that case is exactly the statement filed in this, with no other change than in the names of the defendants. The negligence which it is averred caused the injury is not only averred against L. G. Shoemaker & Company, while in this case it is averred against these defendants, but the act of negligence is the same in both statements. Since death happens but once to any individual, the inference—we put it very mildly—is that these several defendants in these several suits were joint tort feasors. Cases may arise where, whether the party sued separately was a joint trespasser becomes a question to be decided only by a jury; there are others, however, where the question is for the court. If the settlement and release relied on follow a suit at law, either before or after final adjudication, it would be for the court to decide from an inspection of the record whether the cause of action was the same in both cases, and determine whether defendant was sued as a joint trespasser or otherwise, unless there were independent facts in dispute bearing on the question. It could only become a question for the jury upon the defendant showing something to the contrary. Here the record of the case against Shoemaker & Company, considered in connection with the admission entered upon the record of the case, established a prima facie case for the defendants beyond all question. The burden then shifted to the plaintiff, and it was for her to show, if she could, that notwithstanding this admission and record, that defendants' negligence alone occasioned

the injury.  That the evidence on the main question of defendants' negligence did not disclose concurrent negligence on the part of another is wholly aside from this collateral inquiry.  The main issue was upon defendants' plea of not guilty.  The determination of that issue was not dependent on whether the defendant alone was guilty of the negligence or whether that of another contributed. Nor is there anything to be derived from the fact that defendants were sued in a separate action.  A party injured, though he may obtain but one satisfaction, may maintain as many actions as there are joint tort feasors.  Even admitting plaintiff's theory as to the law, that defendants were bound to show joint negligence on the part of L. G. Shoemaker & Company, this requirement was fully met by a prima facie case fully established, and with nothing to rebut it, binding instructions to find for the defendants would have been entirely proper.  These not having been given, and the jury having found for the plaintiff, there was no error in entering judgment non obstante for the reasons above stated.

Judgment affirmed.