# Turner *v.* Robbins et al., Appellants.

*Negligence—Independent contractor—Control over the work—Contributory negligence—Joint tort-feasor—Interstate commerce—Gratuity.*

1. Where a contractor enters into a construction contract by the terms of which the owner exercises no control over the means or manner of accomplishing the work, the contractor makes himself an independent contractor, and not an employee or agent of the owner.

2. If the negligence of an independent contractor causes injury to an employee of the contractor, a servant of the owner, or some third person for whose protection the contractor is bound to exercise due care, the contractor may be liable for the injury.

3. Where a contractor enters into an agreement with a railroad company to construct a repair pit in a storage yard, and agrees to keep the pit guarded and lighted, and to be responsible for all injuries occasioned by it, and an engineman of the company falls into the pit because it is insufficiently lighted, and not properly guarded, the contractor is liable for his injuries.

4. If, in such case, it appears the contract provided that the railroad company might station watchmen at proper places, but they should be regarded as employees of the contractor, the contractor will be liable for any negligence of such watchmen.

5. If the engineman at night descend backwards from his cab toward the pit, without knowing of the excavation, and falls into it and is injured, he cannot be charged with contributory negligence as a matter of law.

6. In such case, the fact that the railroad company, through its watchmen, had placed lights in the pit insufficient for the purpose, did not constitute the company a joint tort-feasor with the contractor.

7. If it appears the railroad company was engaged in interstate commerce, and had paid to the injured engineman workmen's compensation, such payment is in the nature of a gratuity and will not release the contractor as a joint tort-feasor.

Argued January 9, 1923. Appeal, No. 21, Jan. T., 1923, by defendants, from judgment of C. P. No. 2, Phila. Co., March T., 1920, No. 2335, on verdict for plaintiff, in case of Jesse P. Turner v. Samuel H. Robbins et al., trading as Robbins Contracting Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,500. Defendant appealed.

Errors assigned were various instructions, quoting record, and refusal of judgment for defendant n. o. v.

Alfred D. Wiler, for appellant.

*George C. Klauder,* with him *Harry A. Mackey,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 29, 1923:

Defendants are contractors who were employed by the Pennsylvania Railroad Company to construct a concrete repair pit about ninety feet long and six feet deep in its West Philadelphia engine storage yard; plaintiff is a locomotive engineer employed by the railroad company. Appellee recovered a verdict and judgment against appellants awarding damages to him for personal injuries. The circumstances giving rise to the suit are not substantially disputed; the legal conclusions growing out of them are.

Shortly after midnight, plaintiff left the roundhouse of the railroad and walked across the engine storage yard to the locomotive he was shortly thereafter to take out, which had been placed by a fellow employee on a track alongside the open pit excavated by defendants. It was very dark in the vicinity and plaintiff had no knowledge of the existence of the pit. The only warnings of the excavation displayed were two red lanterns at its ends, about ninety feet apart; the engine was standing midway of this distance. Plaintiff mounted the locomotive on the side away from the pit, and, after procuring some tools and a torch necessary to inspect and oil the engine, proceeded to descend backwards from the cab on the side toward the pit. In the darkness, he was unable to distinguish the hole. He stepped, as he supposed, to the ground, but as the side of the excavation extended within the overhang of the locomotive, his foot went into this void, and he was precipitated into the pit, and seriously injured.

Appellants challenge the recovery against them for these reasons: (1) they are not liable to appellee, an employee of the railroad company, for not properly lighting the pit, because, in their contract with the railroad company, it had undertaken to supply lights for the

excavation and had done so during all the time work was going on and at the time of the accident; (2) plaintiff was guilty of contributory negligence in descending from the engine in the manner he did; (3) if they are liable, the railroad company was a joint tort feasor with them, and as it paid to plaintiff workmen's compensation, which he accepted, this worked their release.

An examination of the contract shows defendants were independent contractors employed by the railroad company to construct the pit. It exercised no control over the means or manner of accomplishing the work; this is the test in determining whether the contract is an independent one: Simonton v. Morton, 275 Pa. 562; Colleoni v. Delaware & Hudson Co., 274 Pa. 319; Kelley v. Delaware, Lackawanna & Western R. R. Co., 270 Pa. 426; Smith v. State Workmen's Ins. Fund, 262 Pa. 286.

Appellants contend the contract relieved them from the duty of safeguarding the excavation and placed that burden on the contractee, the railroad company, and as a consequence the latter is liable. An examination of the writing shows, however, that it does not shift the responsibility in that way, but on the contrary, places it on appellants. The contract specifies *the contractors* shall "take, use, provide and make all proper, necessary and sufficient precaution against accidents, injuries or damages to any person or property during the progress of the construction of the work herein contracted for"; that, while the railroad company might station watchmen where its engineer considered necessary, they were to be regarded as employees of the contractors who were to be liable for damages caused by such persons' neglect; that "the cost of maintaining all requisite lights, barricades, safeguards, temporary sidewalks and fences for the protection of their work and the safety of the general public and the employees of the company and the contractors," shall be borne by the latter, and that "the work is entirely at the contractors' risk until the same is approved and accepted."

While the testimony discloses lights were placed about the work by employees of the railroad company, yet in doing this, they were acting for defendants, who were bound to see the lights were sufficient; they could not wash their hands of complete and adequate performance of this duty by the partial and inadequate performance of it by the railroad company. "The same rule which releases the employer from liability for the negligence of his independent contractor holds the contractor himself responsible for his negligence and that of his servants. Thus, if the negligence of an independent contractor causes injury to an employee of the contractor, a servant of the employer, or some third person for whose protection the contractor is bound to exercise due care, the contractor may be liable for the injury": 14 Ruling Case Law, section 41, page 105. In Kitchen v. Riter-Conley Mfg. Co., 207 Pa. 558, we held that where the clerk of an owner of premises, on which construction work is being done by a contractor, is injured by the negligence of the latter, while on the premises in going on an errand from his employer to the contractor's superintendent, he may recover damages for his injuries from the contractor. What was there said, page 561, is apposite here: "The precaution which the defendant company was bound to take was not especially to protect the plaintiff, but it was bound to include within the scope of its forethought, and, so far as reasonable prudence would dictate, to guard against injury to anyone who might lawfully and properly be using the premises where the work of construction which they had in charge was in progress."

Crane Elevator Co. v. Lippert, 63 Fed. 942, illustrates the principle here applicable; in that case, a contractor, who had been employed to make certain replacements in a building, left materials in a hall without providing lights or suitable safeguards. He relied upon the owner of the building to light the hall in the usual manner. The plaintiff, an employee of one of the tenants in the building, in passing through the hall, which at that time

was unlighted, fell over the material and was injured. In holding the contractor liable, the circuit court, at page 947, said: "Having placed obstructions in the hall, the duty rested upon the plaintiff in error to exercise reasonable care and prudence to protect from injury those having lawful occasion to use it, by means of lights or other suitable safeguards. This duty required the exercise of care and diligence on its part in proportion to the danger occasioned by the presence of these obstructions. It saw fit wholly to neglect the performance of this duty. It relied upon the lighting of the hall by the owner of the building as the sole means of protection against injury from these obstructions. Having intrusted to another the discharge of a duty resting upon itself, the plaintiff in error is responsible for a failure in its performance." In Moll on Independent Contractors and Employers Liability, at page 334, it is said: "The contractor, like anyone else, is liable for the consequences of his own negligent acts without reference to the doctrine of independent contractors. He must answer for his own wrongs and those of his servants in the course of the work. He is especially liable for his own acts when he assumes this liability in his contract of employment." To the same effect, is Thompson on Negligence, Supplement 1907, section 685. "The contractor, on his part, having possession of his employer's premises, is required to exercise a reasonable degree of care with reference to the employees of the owner of the premises engaged in necessary work thereon": Moll on Independent Contractors and Employers Liability, page 344.

The evidence on behalf of plaintiff showed that the usual way to safeguard such an excavation as the one we are considering "would be to put lights on each end, red lights showing in each direction, and other heavy oil lights in the base of the pit" which it was testified is the usual method of warning adopted in railroad work. The record establishes that, on the night in question, no such lights in the base of the pit were supplied. One of de-

fendants said he recognized it was a dangerous place and, during some of the time when the work was going on, he drove stakes in the excavation in order that lights might be hung on them.

Answering appellants' first contention, we are compelled, by the facts here appearing and the authorities, to say a jury was warranted in finding the failure to place lights in the excavation, to warn plaintiff of its presence, was negligence; the court could not declare as matter of law that two red lights ninety feet apart on such an excavation afforded adequate warning. The circumstance that, during the progress of the work, the railroad company had been accustomed to place lights in and about the pit, did not relieve defendants from seeing that the warning lights were properly located on the night in question. That the person injured was an employee of the railroad company which had assumed to place the lights, makes no difference, on the question of defendants' responsibility to him for failure to perform their duty.

Defendants' second contention, that appellee was guilty of contributory negligence, necessarily was for the jury. Plaintiff testified that, while he descended from the cab of the locomotive backwards, that was the usual and ordinary and indeed only method of making the descent. As he had no knowledge or warning of the excavation, it could not be said he stepped to the ground at his peril. If the record disclosed he knew an excavation was being made in the vicinity of the track on which his engine was standing, there might be merit in appellants' position that, before alighting from the engine, appellee should have examined the ground with his torch to see what the limits of the excavation were.

Defendants' third contention that, as the railroad company had assumed to place the lights to guard the excavation, it was a joint tort-feasor with the contractors, and the fact that plaintiff received workmen's compensation payments from the company, released it, and thereby

released defendants, is answered by the disclosure of the record that the company and defendants were not joint tort-feasors, and that the latter are independent contractors; but if they were joint tort-feasors, the payments here made would not release defendants. It is agreed that plaintiff was engaged in interstate commerce, and, therefore, the payments made to him by the railroad company were in thei nature of gratuities, which it was not required to make at all. In what has been said, all questions raised by appellants have been answered.

The assignments of error are all overruled and the judgment is affirmed.