Rosenfeld et ux. *v.* Stauffer, Appellant.

Argued November 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harris C. Arnold,* with him *Harvey B. Lutz,* for appellant.

*J. W. Brown,* of *Bard & Brown,* for appellees.

OPINION BY RHODES, J., January 31, 1936:

The plaintiffs brought an action in trespass to recover for the death of their minor daughter, who was killed when struck by an automobile operated by the defendant. From the verdict in plaintiffs' favor and the entry of judgment thereon, the defendant appeals to this court.

The accident happened on the concrete highway, known as the Lititz Pike, which runs north and south between Lancaster and Lititz, at or near the intersection of this pike with a crossroad designated as the Koser road. On October 23, 1933, the plaintiffs' daughter Agnes, then eight years of age, was a passenger on a school bus which was proceeding north on the Lititz Pike. She got off the bus at the intersection of the Lititz Pike and the Koser Road. The Lititz Pike at this point runs through open country. The bus continued north along the pike, while the defendant's car was being driven south towards Lancaster. While crossing the Lititz Pike, in order to proceed down the Koser road where she lived, the plaintiffs' daughter was struck by the automobile operated by the defendant, and instantly killed. After the accident, her body was lying on the east side of the highway about a foot and a half from the center line. Blood and hair of the child were found on the left door handle of defendant's car. There was also some on the running board and on the left rear fender. The defendant did not stop his car until he had travelled about 337 feet from where the child was struck. At this point he turned around and drove back to the scene of the accident. After applying his brakes, the defendant did not stop his car until he had travelled between 90 and 100 feet.

The defendant did not testify. The court refused a point for binding instructions, and submitted the case to the jury. The jury returned a verdict in favor of the plaintiffs in the amount of $1,256. Defendant filed

a motion for judgment n. o. v. and a motion for a new trial. Both were refused, and judgment was entered on the verdict. This appeal followed.

The appellant submits sixteen assignments of error. The first is to the refusal of defendant's motion for judgment n. o. v. The second is to the refusal of defendant's point for binding instructions. The third to the fifteenth, inclusive, relate to the refusal of the court to permit the defendant to offer in evidence a release executed by the plaintiffs to one J. Brooks Diver, and to the exclusion of testimony relative thereto. The sixteenth relates to a portion of the court's charge. The jury in this case having found for the plaintiffs, all disputed questions of fact are resolved in their favor; and, consequently, we must read the testimony in the light most favorable to them, in considering the refusal by the court below of defendant's motion for judgment n. o. v.

Negligence is not to be presumed from the bare fact that an accident happened. McAvoy v. Kromer et al., 277 Pa. 196, 120 A. 762. The burden was upon the plaintiffs to show, by the facts and circumstances surrounding the accident, that the same was caused by the negligence or want of care of the defendant.

The plaintiffs alleged that the defendant was negligent in "driving in a careless, reckless, and negligent manner and at an excessive rate of speed; in failing to take the necessary precautions to look to the safety and welfare of pedestrians using the state highway."

Alvin E. Koser, a witness for the plaintiffs, testified that defendant's car, after the accident, drove 337 feet; that the defendant applied the brakes on his car, immediately in front of the witness' home, and proceeded 90 to 100 feet thereafter before stopping; that, after stopping, defendant's car turned around and proceeded back to the scene of the accident; that he saw the child

being carried off of the highway from a point about 18 inches or 2 feet from the center on the east side thereof.

Charles F. Heinley, a witness on behalf of plaintiffs, testified that he was proceeding north on the Lititz Pike the afternoon of the accident; that he was driving his car about 400 feet behind the school bus in which Agnes Rosenfeld was riding; that he saw the girl fall, but did not actually see the machine hit her; that the defendant was close to the middle of the road; that the child was on the east side of the highway when she was struck and fell, the east side of the highway being to the left of defendant's car; that defendant's car passed him, and continued some distance before turning around and going back to the scene of the accident; that he saw blood on the door handle of the defendant's car; that the child, when he arrived, was lying 18 inches to 2 feet on the east side of the center line of the highway; and that she was lying at the place where she fell when she was struck.

Jacob L. Snyder, a witness for plaintiffs, and who was the driver of the school bus, testified that Agnes Rosenfeld alighted from his bus at the intersection of the Lititz Pike and the Koser road at about 3:45 in the afternoon; that he drove ahead about 400 feet; that he heard one of the children say some one was hurt; that he looked in the mirror and saw her lying on the road; that he stopped his bus and ran back to where the child was lying; that she was on the east side of the center of the highway about 18 inches; that, at the place of the accident, there is a slight curve in the highway; that he picked up the child and carried her off of the roadway.

John A. Aumon, a witness for the plaintiffs, and a member of the state highway patrol, testified that he was called to the scene of the accident; that defendant stated he was travelling south at about 35 to 40 miles an hour; that the blood spot on the highway was east

of the center line about a foot; that there was blood and hair on the left door handle of defendant's car, on the running board, on the left rear fender; and that there was a lot of blood over the roadway.

Dr. E. H. Witmer, a witness for the plaintiffs, testified that he was called to the scene of the accident; that when he arrived the child had been placed along the fence on the east side of the road; that there was a quantity of blood about a foot and a half east from the center line of the highway; that the entire front of the head of the child was crushed in; that she was dead when he arrived.

The testimony in the instant case and the reasonable inferences deducible therefrom justify the conclusion of the jury that the defendant was negligent in the operation of his car, and that the death of the child was the direct result of his negligence. From the testimony the jury could conclude that the defendant was operating his car at an excessive speed, under the circumstances; that the child was struck while on the east side of the highway, which is the defendant's left-hand side; that the defendant's car was over the center line at the time of contact; that, the bus having proceeded north, the defendant had an unobstructed view of the highway where the child was, and should have seen her; that, there being a slight curve at the place of the accident, defendant drove over the center line on his left-hand side, whereupon his car came in contact with the child.

The question of the defendant's negligence was properly for the jury, and the court below did not err in refusing binding instructions for the defendant and in refusing defendant's motion for judgment notwithstanding the verdict.

The motion for new trial was based on the trial court's exclusion of certain testimony and refusal of an offer of proof of the execution of a release by the

plaintiffs to a Mr. Diver (assignments of error three to fifteen, inclusive), and on the charge of the court (assignment of error sixteen).

The evidence rejected was to the effect that the plaintiffs had signed a general release whereby they released J. Brooks Diver, the owner of the car at the time of the accident, from all claims arising therefrom, and also to the effect that the plaintiffs had been paid $375 by the insurance company which carried the insurance for Mr. Diver, the owner of the car, in satisfaction of all claims arising out of the accident. In this connection the court below, in its opinion refusing defendant's motion for judgment n. o. v. and defendant's motion for a new trial, properly said: "There was no evidence in the case that Stauffer was operating the car in Diver's business. The defendant offered to show that the plaintiffs had executed such release and had been paid the sum of $375, and that the release released Diver from any and all claims, demands, actions, and causes of action of every nature. In refusing to permit evidence of this release the court followed the legal principle that a release given to one not shown to be liable does not release a tort-feasor and for this conclusion relied upon the cases of McClure v. Pennsylvania Railroad Co., 53 Pa. Sup. Ct. 638, 647; Turner v. Robbins [et al.], 276 Pa. 319, 325, 326, [120 A. 274, 276, 277]; Thomas v. Central Railroad Company of New Jersey, 194 Pa. 511, 515, 516, [45 A. 344]; 50 A. L. R. 1094; 66 A. L. R. 213; 23 R. C. L. 406, section 35. In the instant case there was no evidence whatever showing Diver's connection with the case and therefore he was not a joint tort-feasor with the present defendant. Nor was there shown on the part of Diver any separate act of negligence which contributed to the injuries in question."

The appellant's sixteenth assignment of error is to a portion of the charge of the court. At the conclusion

of the charge, the trial judge asked counsel for both sides whether they had anything to suggest. Counsel made certain suggestions. The trial judge then asked counsel whether they had anything further to suggest, and they both replied that they did not. Before the jury retired, the appellant took a general exception to the charge of the court and answers to points, and especially to that part of the charge of the court that refers to the earning power age of the child. That particular part of the charge has not been assigned as error, but the assignment of error relates to a portion of the court's charge on the fair preponderance of the evidence. On defendant's motions for judgment n. o. v. and for a new trial, neither the court's charge as a whole, nor any part thereof, was brought to the attention of the court below. We are of the opinion that the jury was not misled by the charge of the court, and that there was no such basic or fundamental error as imperatively calls for a reversal. Under the circum-. stances, and since the verdict is sustained by the evidence, we shall not disturb the judgment entered thereon.

Assignments of error are overruled, and the judgment is affirmed.