## Thompson, Appellant, *v.* Fox.

Argued April 22, 1937.   Before KEPHART, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Philip A. Campbell,* with him *Robert M. Taylor* and *John T. Thompson,* for appellant.

*Charles E. Kenworthey,* with him *John B. H. Carter* and *Evans, Bayard & Frick,* for appellee.

OPINION BY MR. JUSTICE STERN, May 17, 1937:

On November 21, 1932, plaintiff was struck by an automobile driven by one Taylor, and suffered injuries of which the most serious was a fracture of the neck of the right femur.   He was taken immediately to the private hospital of defendant, a practicing physician, and remained under his care until May, 1933.   In October, 1933, he brought an action against Taylor in the Dis-

trict Court of the United States for the District of New Jersey, his statement of claim alleging that the accident occurred by reason of Taylor's negligence in the operation of the automobile, setting forth a detailed statement of his injuries resulting therefrom, including the fracture of the hip, and averring that he was permanently lamed and crippled. On July 25, 1934, he settled this suit for $2,400, and, by formal instrument, released Taylor "of and from all, and all manner of, actions and causes of action, . . . claims and demands whatsoever . . ., especially arising out of an accident to me caused by Jenkins R. Taylor running an automobile into me on November 21, 1932." On March 4, 1935, he instituted the present action, his statement of claim asserting that defendant carelessly and improperly treated the fracture and did not set it in accordance with surgical and medical standards, the result being that he underwent pain and suffering and was obliged to submit himself to further surgical and medical treatments and operations. The case came on for trial; the learned trial judge gave binding instructions for defendant; the present appeal is from the judgment entered on the directed verdict.

There is apparently no case in this state directly in point, but the determining principles of law are as well established in Pennsylvania as elsewhere. Other jurisdictions have held, with almost complete unanimity, that there can be no recovery in such a suit against a physician for negligent aggravation of injuries, after a settlement effected with the tort-feasor who caused the accident.*

---

* *Guth v. Vaughan,* 231 Ill. App. 143; *Smith v. Mann,* 184 Minn. 485, 239 N. W. 223; *Milks v. McIver,* 264 N. Y. 267, 190 N. E. 487; *Adams v. DeYoe,* 11 N. J. Misc. 319, 166 Atl. 485; *Paris v. Crittenden,* 142 Kan. 296, 46 Pac. (2d) 633; *Tanner v. Espey,* 128 Ohio St. 82, 190 N. E. 229; *Edmondson v. Hancock,* 40 Ga. App. 587, 151 S. E. 114; *Martin v. Cunningham,* 93 Wash. 517, 161 Pac. 355; *Williams v. Dale,* 139 Ore. 105, 8 Pac. (2d) 578; *Smith v. Thompson,* 210 N. C. 672, 188 S. E. 395; *Mier v. Yoho,* 114

In the action against Taylor plaintiff's recovery for the injury to his hip would have included the added damage caused by the alleged negligence of defendant. Doctors, being human, are apt occasionally to lapse from prescribed standards, and the likelihood of carelessness, lack of judgment or of skill, on the part of one employed to effect a cure for a condition caused by another's act, is therefore considered in law as an incident of the original injury, and, if the injured party has used ordinary care in the selection of a physician or surgeon, any additional harm resulting from the latter's mistake or negligence is considered as one of the elements of the damages for which the original wrongdoer is liable: *Wallace v. Pennsylvania R. R. Co.*, 222 Pa. 556, 564; *Wyatt v. Russell*, 308 Pa. 366. See also *Rigney v. Snellenburg & Co.*, 90 Pa. Superior Ct. 237. "If the negligent actor is liable for another's injury, he is also liable for any additional bodily harm resulting from acts done by third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or negligent manner": Restatement of the Law of Torts, section 457.

Such being the law, for the final condition of his hip plaintiff could have sued, and did sue, Taylor; for the aggravation of the original condition plaintiff could have sued, and did sue, defendant. He could have pursued both actions to judgment. For the same injury, however, an injured party can have but one satisfaction and the receipt of such satisfaction, either as payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury, necessarily works a release of all others liable for the

W. Va. 248, 171 S. E. 535; *Phillips v. Werndorff*, 215 Ia. 521, 243 N. W. 525; *Wells v. Gould*, 131 Me. 192, 160 Atl. 30; *Feinstone v. Allison Hospital*, 106 Fla. 302, 143 So. 251; *Phillips v. Wright*, 81 S. W. (2d) (Texas) 129; *Retelle v. Sullivan*, 191 Wis. 576, 211 N. W. 756; see also *Purchase v. Seelye*, 231 Mass. 434, 121 N. E. 413.

same injury and prevents any further proceeding against them: *Peterson v. Wiggins,* 230 Pa. 631; *Smith v. Roydhouse, Arey & Co.,* 244 Pa. 474; *Mason v. Lavine,* 302 Pa. 472. This is true even though it was intended, or the release expressly stipulated, that the other wrongdoers should not thereby be released: *Seither v. Philadelphia Traction Co.,* 125 Pa. 397; *Williams v. LeBar,* 141 Pa. 149. Nor is it material whether the tort-feasors involved committed a joint tort or concurrent or successive torts, because the principle which underlies the rule is that the injured person is given a legal remedy only to obtain compensation for the damage done to him, and when that compensation has been received from any of the wrongdoers, his right to further remedy is at an end. Of course, if a tort-feasor is liable only for a part of the damage, and another tort-feasor only for another part, as in *Gallagher v. Kemmerer,* 144 Pa. 509, a release of one does not release the other; but where both are liable for the same damage, no matter upon what theory their respective liabilities are predicated, the rule applies. Since plaintiff, by settling with Taylor, was compensated for all injuries, both those originally and those ultimately arising out of the accident, including the aggravation of the hip condition by defendant's alleged negligence, he cannot obtain from defendant a second satisfaction for the same damage.

Judgment affirmed.