## Smith v. Falcone et al.

*Everett Kent* and *S. Maxwell Flitter*, for plaintiff.

*Edward J. Danser*, for original defendants.

*George F. Coffin* and *Richard D. Grifo*, for additional defendant.

BARTHOLD, P. J., January 5, 1953.—This matter is before the court on the motion of defendants, Joseph Falcone and Ruth Price McBeth, for judgment on the pleadings.

Plaintiff, Herbert F. Smith, filed a complaint in trespass against defendants containing the following averments: Plaintiff was injured on June 4, 1950, at about 12:30 a.m., while attempting to disengage the

interlocked bumpers of the automobiles owned respectively by defendant Falcone and defendant McBeth. Both automobiles were standing upon State Highway Route 712 in Upper Mount Bethel Township, Northampton County, Pa., when plaintiff came upon the scene. Defendants requested plaintiff to stand upon the bumpers in order to disengage them and assured him that "they would see to it that the road . . . would be fully protected from oncoming traffic, . . . that there would be such safeguards thrown around the . . . location . . . that no danger would occur to . . . plaintiff," that "they would warn him of the approach of any automobiles, . . . and . . . would see to it that sufficient warnings, if necessary, would be made of any danger." Defendants failed "to throw around . . . plaintiff, the safeguards promised, in fact, no safeguards whatsoever were thrown about the activities of . . . plaintiff, and no warnings of any kind were given to . . . plaintiff." The car of defendant, Joseph Falcone, "had no lights . . . , and . . . there were no flares, safeguards or signals of any kind . . . ." While plaintiff was attempting to disengage the interlocked bumpers, an automobile driven by Donald Fenner coming in the opposite direction struck defendants' automobiles causing plaintiff to be thrown a considerable distance and thus seriously injuring him.

Defendants Falcone and McBeth joined Donald Fenner as an additional defendant and filed a defendants' complaint averring that "the automobile driven by . . . Donald Fenner swerved from the east bound lane of traffic into the west bound lane of traffic and struck the automobile of the original defendant, Ruth Price McBeth, and, at the same time, struck the plaintiff, Herbert F. Smith, causing certain physical injuries to Herbert F. Smith and other damage as more fully set forth in his complaint. Defendants further

averred that "if Joseph Falcone and Ruth Price Mc-
Beth are liable in any respect to the said Herbert F.
Smith for damages he allegedly sustained, then because
of the negligence of Donald Fenner, he, Donald Fenner,
is alone liable, or is liable jointly with the defendants,
Joseph Falcone and Ruth Price McBeth, or liable over
to them in whole or in part for damages sustained by
the said Herbert F. Smith."

Defendants then filed an answer to plaintiff's com-
plaint setting forth as "New Matter", the affirmative
defense that plaintiff, having executed and delivered
to additional defendant a release from all claims and
demands to person or property resulting from the acci-
dent, defendants also were released as a matter of law.
In answer thereto plaintiff admitted the execution and
delivery of the release but denied that it operated as
a release of defendants either in fact or by operation
of law. Additional defendant filed an answer to de-
fendants' complaint, averring as "New Matter": (1)
That the release precluded any recovery by plaintiff
against him, and (2) that the statute of limitations
prevented a direct suit by plaintiff against him. Orig-
inal defendants then filed a motion for judgment on
the pleadings.

Considering therefore plaintiff's complaint and de-
fendants' complaint together, they fairly make out a
case of sole liability on the part of original defendants,
or sole liability on the part of additional defendant,
or joint liability on the part of original defendants
and additional defendant.

The motion for judgment on the pleadings filed by
original defendants raises two questions: (1) Are
original defendants entitled to judgment on the plead-
ings where the pleadings disclose that plaintiff has re-
leased additional defendant? (2) Is the Uniform Con-
tribution Among Tortfeasors Act of July 19, 1951,
P. L. 1130, 12 PS §§2082-2089, applicable to a cause

of action arising out of an accident which occurred before its effective date?

Prior to the passage of the Uniform Act the rule was well established in Pennsylvania that a release of one joint tortfeasor operates as a release of the other joint tortfeasor. In Thompson v. Fox, 326 Pa. 209 (1937), the Supreme Court at pages 212, 213, said:

"For the same injury, . . . an injured party can have but one satisfaction and the receipt of such satisfaction, either as payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury, necessarily works a release of all others liable for the same injury and prevents any further proceeding against them: . . . the principle which underlies the rule is that the injured person is given a legal remedy only to obtain compensation for the damage done to him, and when that compensation has been received from any of the wrongdoers, his right to further remedy is at an end."

See also Mason C. Lewis v. Lavine, Inc., 302 Pa. 472 (1931) ; Smith v. Roydhouse, Arey & Company, 244 Pa. 474 (1914) ; Peterson v. Wiggins, 230 Pa. 631 (1911). The rule was applicable "even though it was intended, or the release expressly stipulated, that the other wrongdoers should not thereby be released:" Union of Russian Societies of St. Michael and St. George, Inc., v. Koss et al., 348 Pa. 574 (1949) ; Thompson v. Fox, supra, 213; Williams v. LeBar et al., 141 Pa. 149 (1891) ; Seither v. Philadelphia Traction Co., 125 Pa. 397 (1889) ; and it was immaterial whether the tortfeasors involved committed a joint tort or concurrent or successive torts. The rule applied where both were liable for the same damage no matter upon what theory their respective liabilities were predicated: Thompson v. Fox, supra, 213.

It was also a well-established rule in Pennsylvania

prior to the passage of the Uniform Act, that before there could be a joint tort there must be a community of fault which occasioned the accident: Cleary v. Quaker City Cab Co. et al., 285 Pa. 241 (1926) ; Holstein et al. v. Kroger Grocery & Baking Company et al., 348 Pa. 183 (1943) ; Landis, Admx. v. Conestoga Transportation Company et al., 349 Pa. 97 (1944). If there was no community of fault there was no joint tort; hence, a release of one not shown to be liable would not release a tortfeasor: Koller v. Pennsylvania Railroad Company, 351 Pa. 60, 63 (1944) ; Union of Russian Societies of St. Michael and St. George, Inc. v. Koss, supra; Turner v. Robbins et al, 276 Pa. 319 (1923) ; Masters et al. v. Philadelphia Transportation Company et al., 160 Pa. Superior Ct. 178 (1947) ; Tomlinson v. Goldberg, 121 Pa. Superior Ct. 125 (1936) ; McClure v. Pennsylvania Railroad Company, 53 Pa. Superior Ct. 638 (1913).

The law was equally clear prior to the passage of the Uniform Act that the introduction of a release established prima facie that the alleged joint tortfeasor was a joint tortfeasor, and that at this point the burden of going forward with the evidence shifted back to plaintiff and plaintiff then had to prove that defendant was alone negligent or else the court would find for defendant as a matter of law: Mason v. Lavine, supra; Koller v. Penna. Railroad Co., supra; Masters et al. v. P.T.C. et al., supra; Smith v. Roydhouse, Arey & Co., supra; Peterson v. Wiggins, supra.

The Uniform Act substantially changes much of the prior Pennsylvania law hereinabove set forth. Section 2(3), 12 PS §2083, provides:

". . . (3) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement."

Section 4, 12 PS §2085, provides:

"A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid."

Section 5, 12 PS §2086, provides:

"A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another tortfeasor, unless the release is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued and provides for a reduction to the extent of the pro rata share of the released tortfeasor of the injured person's damages recoverable against all the other tortfeasors."

In view of these changes in the law, it is necessary to a proper disposition of defendants' motion, to determine whether the Uniform Act is applicable to a cause of action arising out of an accident which occurred before its effective date. The cause of action in the instant case arose on June 4, 1950. The Uniform Act did not become effective until July 19, 1951. Plaintiff gave a release to additional defendant on May 28, 1952. In these circumstances the Uniform Act has no application unless it is construed to be retroactive.

It is a fundamental rule of statutory construction that statutes other than those affecting procedural matters must be construed prospectively, except where legislative intent that they shall act retroactively is so clear as to preclude all question as to the intention of the legislature: Farmers Nat. Bank & Trust Co. v. Berks County Real Estate Co. et al., 333 Pa. 390 (1939) ; Painter v. Baltimore & Ohio R. R. Co., 339

Pa. 271 (1940); Commonwealth ex rel. Greenawalt v. Greenawalt, 347 Pa. 510 (1943); Commonwealth v. Repplier Coal Co., 348 Pa. 372 (1944). This principle has been embodied in article IV, sec. 56, of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §556, which provides: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." It is also fundamental that:

"Retrospective laws may be supported when they impair no contract and disturb no vested right, but only vary remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and when prosecuted": Barnesboro Borough v. Speice, 40 Pa. Superior Ct. 609, 612. These principles rule this case and impel us to the conclusion that the instant case must be governed by the law as it existed prior to the passage of the Uniform Act.

The argument of plaintiff that the statute affects the remedy exclusively is not well founded. The right of contribution among joint tortfeasors is a matter of substantive, not procedural law. This is inherent in the decision of the Supreme Court in Builders Supply Company v. McCabe, 366 Pa. 322. In that case suit was brought in Pennsylvania for damages arising out of an automobile accident in Ohio. Under the law of Ohio there was no right of contribution between joint tortfeasors whose concurrent negligence made them liable in damages. The Supreme Court held that there could be no contribution enforced in Pennsylvania because the question whether one joint tortfeasor has a right of contribution against the other must be determined by the law of the State in which the accident happened. Furthermore, the Uniform Act contains no language which would warrant the construction

that it was the legislative intention that the statute should have a retrospective effect.

Under the principles of law in effect prior to the passage of the Uniform Act, which principles in our view must govern the disposition of the instant litigation, there is a possibility that plaintiff may recover in spite of the release given to additional defendant, if he can meet the burden of proving that defendants were alone liable. While it is difficult to see how plaintiff can disprove the prima facie case established by the release, the law accords him the right to make the effort. This seems to be the import of the Supreme Court decision in Koller v. Pennsylvania Railroad Co., 351 Pa. 60, supra, and the Superior Court decision in Masters et al. v. Philadelphia Transportation Company et al., 160 Pa. Superior Ct. 178, supra. We are bound by these decisions.

An analysis of the situation brought about by the pleading of the release reveals the possible results of a trial of the issues here involved: If additional defendant is found to be solely liable, plaintiff cannot recover because he has released additional defendant. If additional defendant is found to be jointly liable with original defendants, plaintiff cannot recover because under the law as it existed prior to the passage of the Uniform Act the release of one of two joint tortfeasors released the other. Plaintiff may recover only if he can establish that original defendants were alone liable. It is evident from this analysis that the court is not in a position to decide the legal effect of the release until a trial has been held to determine either the negligence or nonnegligence of the respective parties defendant.

The motion for judgment on the pleadings, in addition to raising questions of substantive law, also raises a very important phase of procedural law. It would appear that since additional defendant has been released there would be no reason why he should be forced

to come in and participate in an expensive trial and therefore the action against him should be dismissed on the pleadings. The same result follows from the fact that additional defendant was joined after the expiration of the time in which an action could have been brought against him. However, if it appear that additional defendant is jointly liable with original defendants, the latter would have the right to insist upon the retention of additional defendant on the record in order to obtain a determination of the question of joint liability. Even though plaintiff would not be able to enforce any judgment recovered against additional defendant, a finding of joint liability as to original defendants and additional defendant would release original defendants by operation of law. Regardless of the situation existing betwen plaintiff and additional defendant, original defendants have the right to an adjudication, in this proceeding, of the question of joint liability.

"One of the purposes of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action, and the Rules should, if possible, be construed to accomplish that purpose": Rau v. Manko et al., 341 Pa. 17, 23.

All procedural difficulties can be solved by requiring the jury to submit special findings if it renders a verdict for plaintiff.

"Rule 2262(b) provides:

'In every action in which an additional party has been brought upon the record, the court or the jury, as the case may be, in addition to any general verdict or finding, shall make such specific findings as will determine the liabilities of all parties inter se. The judgments entered in such action shall determine the liabilities of all parties inter se.' The court has power

to control the form of the verdicts and also the judgments": Rau v. Manko et al., supra, 26.

The fact that the statute of limitations will bar plaintiff from a direct recovery against additional defendant can have no effect on the right of original defendants to an adjudication of the question of joint liabiilty.

"If the statute of limitations prevents a direct suit by the plaintiff against the additional defendant, it is obvious that the latter should not be joined on the ground that he is alone liable to the plaintiff. Since the statute bars the plaintiff from any recovery against the additional defendant and since the defendant makes no claim against him, his joinder would be useless. If, however, the defendant alleges facts showing that the additional defendant is liable over to him, joinder is proper. The fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant can have no effect on the defendant's right to enforce his claim of contribution or indemnity. The cause of action owned by the plaintiff is distinct from the cause of action arising out of the duty of the additional defendant to indemnify the defendant. The statute runs upon the plaintiff's cause of action against the additional defendant from the time when the legal harm is inflicted upon the plaintiff. It runs upon the defendant's cause of action for contribution or indemnity only from the later date when a judgment is entered in favor of the plaintiff, if the duty of the additional defendant is to exonerate the defendant from liability, or from the even later date when the defendant has satisfied such judgment in whole or in part, if the duty of the additional defendant is to protect him from loss. It is therefore proper to permit the joinder of an additional defendant claimed to be liable over to the defendant even though the plaintiff is barred by the statute of limitations from asserting any claim

against the additional defendant": Goodrich-Amram Civil Practice, comment on Rule 2252(*a*) 9; see also Shaull v. A. S. Beck New York Shoe Co., Inc., 369 Pa. 112, 115, 116.

It is apparent from the foregoing discussion that the court cannot presently decide what legal effect shall be given to the release. Its effect is dependent upon the outcome of the trial of the issues. Therefore, defendants' motion for judgment on the pleadings must be dismissed.

### Order

And now, January 5, 1953, the motion of defendants, Joseph Falcone and Ruth Price McBeth, for judgment on the pleadings is dismissed.