## Brown v. Hertzler

*Windolph, Burkholder & Hartman,* for plaintiffs.

*Barley, Snyder, Cooper & Mueller,* for defendant.

*K. L. Shirk, Jr.,* and *W. Hensel Brown* for additional defendant.

JOHNSTONE, J., October 25, 1957.—The two plaintiffs in this proceeding were passengers in the automobile owned and operated by the additional defendant when a collision occurred with the automobile owned and operated by the original defendant. Both plaintiffs were injured and this suit was instituted against the original defendant to recover the damages suffered by them. The original defendant brought on the record the additional defendant and filed his complaint against the additional defendant.

An answer was filed by the additional defendant and under new matter it is averred that the original defendant executed and delivered to the additional defendant a full release from all actions, claims and demands arising out of the collision described in the complaint. It is further averred that both plaintiffs executed and delivered to the additional defendant full releases for all claims, damages and actions against her arising out of the same accident. In the release from the original defendant to the additional defendant this statement appears: "The execution of this release is hereby restricted to the equity of the undersigned only."

The additional defendant has filed a motion for judgment on the pleadings in her favor and against

the original defendant, and in support of this motion recites the release given by the original defendant to the additional defendant. The matter is now before the court for disposition of the additional defendant's motion for judgment.

An examination of the release given by the original defendant, Hertzler, to the additional defendant, Leedom, discloses it to be a full release from any and all actions, claims and demands for injuries, losses and damages sustained by Hertzler on May 27, 1955 (the date of the collision averred in the complaint), for which Leedom is claimed to be legally liable. Typed into the printed form of release is the statement quoted supra, which restricts the release to the equity of Hertzler. The meaning of this restriction is not clear but the scrivener probably had in mind the possible liability of Hertzler as a joint tortfeasor. The two releases given by plaintiffs to the additional defendant are identical and release Leedom from all claims, damages actions and suits for all injuries resulting from the accident of May 27, 1955. In addition, both releases provide: "Should it appear that two or more persons or entities are jointly or severally liable in tort for the said injuries to person or damage to property resulting from or arising out of said accident, the consideration for this release should be received in reduction of the total damages recoverable against all the other tortfeasors to the extent of the pro rata share of the said Fannie Leedom and I specifically reserve all claims and causes of action arising out of the above-mentioned accident against all the other tortfeasors."

It is abundantly clear that in releasing the additional defendant from all damages arising out of the collision of May 27, 1955, plaintiffs did not release any claim they might have against the original defendant but specifically preserved that right by reserving it.

Since plaintiffs have released their right to recover any further damages from the additional defendant, why should she be continued as a party defendant to this suit? The answer to this question depends upon the interpretation of the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082, et seq. Section 4 of the act provides: "A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid." The releases given by plaintiffs to the additional defendant do not discharge the original defendant from liability. However, they do reduce the total amount recoverable by plaintiff against the other tortfeasor by the pro rata share of the additional defendant, which in this instance would be one-half.

In the case of Killian v. Catanese, 375 Pa. 593, the defendant had executed a general release to the additional defendant in language similar to that in the release of the additional defendant by the original defendant in the present case. In that case the court entered judgment in favor of the additional defendant stating: ". . . we believed that the release given by the original defendants to additional defendant was a complete discharge of any and all liability, and as such, barred original defendants from bringing in George Wasilky as an additional defendant. . . ." The general release was considered to have released the additional defendant from all liability for any claim the plaintiffs might make against the additional defendant.

54

In the Killian case, one fact was missing which is present in the instant case and was present in the case of Davis v. Miller, 385 Pa. 348. Here, as in the Davis case, plaintiffs have given the additional defendants releases pursuant to the Uniform Contribution Among Tortfeasors Act. The court stated in the Davis case: "It is therefore clear that an important factor in the determination of the amount of damages that Miller (the original defendant) may be required to pay to plaintiffs is whether or not Mary Richardson (the additional defendant) would also have been liable to them had they not released her,—in other words, whether she was a joint tortfeasor with Miller. If such she was, then, under the Act and the terms of the releases which plaintiffs gave her, they can recover from Miller only his pro rata share, in this case half, of the amount to which they otherwise would have been entitled; if, on the other hand, she was not a joint tortfeasor, the releases given her by plaintiffs would not inure to Miller's benefit: Koller v. Pennsylvania Railroad Company, 351 Pa. 60. Therefore, although Miller cannot recover contribution from the additional defendant, he does have an extremely valuable right in retaining her in the case, because, if the jury should find her to be a joint tortfeasor, his liability to plaintiffs would be cut in half. Her continuance in the case is therefore necessary, even though no recovery can be had against her either by plaintiffs or by defendant, in order to determine the amount of damages that defendant may be obliged to pay plaintiffs in the light of the situation created by their releases of the additional defendant's liability."

In our opinion the Davis case requires that we continue the additional defendant as a party in this case in order to protect the original defendant's right to have his liability to plaintiffs determined. If the jury should find the additional defendant to be a joint tort-

feasor with the original defendant, then the original defendant's liability would be reduced by one-half. Under the decision in Daugherty v. Hershberger, 386 Pa. 367, the liability of the original defendant to plaintiffs can only be determined after a verdict has been rendered by the jury. As the court stated at page 373: ". . . if the proportion of reduction provided by the release is greater than the amount of the consideration paid for the release, such proportion of reduction prevails, but if, on the other hand, the consideration paid for the release is greater than the proportion of reduction provided by the release, then the amount of the consideration paid for the release prevails."

For example, if plaintiff Brown were to recover a verdict for $1,500 against both defendants, the original defendant's share would be $500, which is the excess of the verdict over the amount already paid to plaintiff by the additional defendant. On the other hand, if plaintiff Brown's verdict was only $1,000 or less, then the original defendant would have no liability. In still another situation, if plaintiff Brown recovered a verdict for $2,000, or more, the original defendant's liability would be limited to one-half the amount of the verdict.

And now, October 25, 1957, for the reasons stated herein, the motion for judgment on the record in favor of the additional defendant is denied and the additional defendant is continued as a party defendant in this case.