## Bandle v. Vernick

*Theodore J. Zeller, Jr.,* and *Butz, Hudders & Tallman,* for plaintiffs.

*Charles J. Fonzone* and *Walker, Thomas, Karess, Lipson & Zieger,* for defendant.

WIEAND, J., June 10, 1974.—This action to recover damages for medical malpractice is before the court on defendant's motion for judgment on the pleadings.

Maria Bandle, the minor plaintiff, was struck and seriously injured by a truck driven by John P. Wolfe. Upon admission to the Allentown Hospital, she came under the care of defendant, Clifford G. Vernick, who is an orthopedic surgeon. The complaint in this action alleges that because of Dr. Vernick's negligence and/or because of a lack of informed consent to the course of treatment which Dr. Vernick followed, the minor plaintiff sustained a permanent shortening of her right leg.

Defendant has contended, by virtue of "New Matter" contained in his answer, that the present action is barred by a settlement effected by the minor plaintiff and her parents with the original tortfeasor, John P. Wolfe.

Plaintiffs concede that their claim against the truck driver was settled, the minor's settlement being with court approval, and a joint tortfeasor's release executed for $10,000. They argue, however, that by agreeing to the terms of the prior settlement they did not intend to release others who may have caused independent injury to the minor plaintiff or who may have aggravated her injuries by separate and independent acts of culpability. Attached to the pleadings are a copy of the minor plaintiff's petition seeking court approval of the settlement of her claim against the original tortfeasor and a copy of the record of proceedings had thereon. These copies, if accurate, disclose statements to the court by plaintiffs' counsel that a settlement had been effected with the tortfeasor's liability carrier for the full policy limits. Approval was recommended by counsel because there was no possibility of recovering additional sums from individually owned assets of the tortfeasor. An intention to reserve any cause of action which plaintiffs might have against others was also expressed.

The present state of the applicable law has been capably summarized in an annotation appearing at 39 A.L.R. 3d 260, at pages 263, et seq., as follows:

"As a general rule, it has been recognized that a tortfeasor is liable for the consequences of the negligence, mistake, or lack of skill of a physician or surgeon attending the injured person, if the injured person exercised reasonable care in securing the services of a competent physician or surgeon . . . But suppose the injured party executes a release with the tortfeasor.

What are the rights of the injured party as against the negligently treating physician or surgeon?

"At least as late as 1955, the decided weight of authority supported a traditional rule that a general release of the one responsible for the releasor's original injury barred action by the injured party against a physician or surgeon for negligent treatment of the injury, a rule which continues to find some support. . .

"In late years, a number of those courts formerly supporting the traditional rule have repudiated it; and some courts, not formerly having been faced with the problem, have rejected the traditional rule. Thus, a sizable number of courts now support a modern rule that a release by an injured party of the one responsible for the injury does not of itself, in the absence of language indicative of such an intention on the part of the parties, preclude an action by the injured party against the negligently treating physician or surgeon, at least unless there has been full compensation for the injured party's total injuries."

In 1937, the Supreme Court of Pennsylvania adopted the traditional rule in Thompson v. Fox, 326 Pa. 209. The settlement in that case had been concluded by plaintiff's execution of a release of the tortfeasor which was silent concerning an intent to pursue claims against others. Plaintiff's action against his physician for negligent treatment, the court held, was barred because, for the same injury, plaintiff could have only one satisfaction.

The holding in Thompson v. Fox, supra, was limited to its own facts by the Court of Common Pleas of York County in Wagner v. Brimfield, 81 York 93. It was there held that when a new and different injury has been caused by an attending physician, an action therefor can be sustained despite a prior release of an initial wrongdoer.

Whether the Pennsylvania Supreme Court would continue to follow Thompson v. Fox, supra, is doubtful. It is more likely that it would follow the courts of New York and New Jersey,* in repudiating the traditional view. In any event, Thompson v. Fox, supra, is distinguishable on its facts and, therefore, is not determinative of defendant's motion for summary judgment in the instant case. The claim here is marked by an express reservation of rights against other parties at the time of settlement with the original tortfeasor. Here, there is also a court order approving the minor plaintiff's settlement with the original tortfeasor which appears to have been influenced by such reservation of rights. It was suggested to the court which approved the settlement that the amount to be paid was not full compensation for injuries sustained but represented, instead, the maximum amount that could be recovered from the tortfeasor. These facts were not present in Thompson v. Fox, supra, and require this court to make an independent determination of the existence of a cause of action against the surgeon in this case.

It is argued by plaintiffs that the instant cause of action has been preserved by section 4 of the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2085. This section of the act provides that a release to one joint tortfeasor does not discharge the other tortfeasors unless the release so provides. In our judgment, however, the Uniform Contribution Among Tortfeasors Act is inapplicable. It is not applicable because Wolfe, the truck driver, and Vernick, the surgeon, were not joint tortfeasors. They neither acted in concert nor contributed to the same wrong.

The New York Court of Appeals repudiated the

---

* See 39 A.L.R. 3d 275, et seq.

traditional view that a release of the tortfeasor bars an action against the physician in Derby v. Prewitt, 12 N.Y. 2d 100, 236 N.Y.Supp. 2d 953, 958, 187 N.E. 2d 556, 559. In so doing, it reviewed the several reasons which had been advanced in support of the rule and rejected them one by one. One of the reasons reviewed and rejected was the common-law rule that a release of one joint tortfeasor releases all joint tortfeasors. The original wrongdoer and the physician, said the court, were not joint tortfeasors. The court there reasoned as follows:

"Their wrongs were independent and successive, rather than joint, and, this being so, the plaintiff had not one but two separate and distinct causes of action, one against the . . . driver for the neligent operation of his vehicle and the other against the doctor for his alleged malpractice in treating the fracture which the plaintiff sustained in the automobile accident. It is true that the driver could have been held liable for the aggravation of the injury caused by the doctor's negligence but . . . that liability is not the result of any concept of joint wrongs but is rather the product of the familiar rule that a wrongdoer is responsible for the reasonably foreseeable consequences of his tortious act, including the negligent conduct of others. Conversely, it would defy reason to hold the physician liable for injuries caused by the original wrongdoer which were not the consequences of his own carelessness, and no one suggests that a release of the doctor would completely discharge the original wrongdoer."

See also Smith v. Conn, 163 N.W. 2d 407, 39 A.L.R. 3d 251 (Iowa).

Defendant in the instant case asks us, in effect, to presume conclusively that the settlement with the original tortfeasor constituted full satisfaction for the injuries which the minor plaintiff sustained. Although

the language of the opinion in Thompson v. Fox, supra, seems to create such a presumption, at least where the release is silent about claims against others, we are not persuaded that the presumption can properly be applied conclusively. Certainly, it should not be applied conclusively where, as here, the pleadings indicate that the consideration paid by the original tortfeasor was expressly not intended to be and did not, in fact, constitute full compensation, and the right to pursue other tortfeasors was unequivocally reserved. If these pleaded facts are correct, we are unable to perceive any justification whatsoever for preventing the minor plaintiff and her parents, by an artificial rule of law, from recovering the full compensation to which they would otherwise be entitled.

Under the facts pleaded, therefore, we are unable to say as a matter of law that the present action is barred by plaintiffs' settlement with Wolfe, the original tortfeasor. At trial, one of the issues will be whether the settlement with Wolfe did actually constitute satisfaction of all damages sustained by the minor plaintiff and her parents or whether it was intended as such. If it did, or was so intended, no claim remains against the doctor. If it did not reflect full satisfaction, however, and was not so regarded, and the burden of proving this is on plaintiffs, then the prior settlement will not prevent recovery against the doctor in this section: Derby v. Prewitt, supra; Smith v. Conn, supra; Daily v. Somberg, 28 N.J. 372, 146 A. 2d 676, 69 A.L.R. 2d 1024; DeNike v. Mowery, 69 Wash. 2d 418 P. 2d 1010; Fieser v. St. Francis Hospital and School of Nursing, Inc., 212 Kan. 35, 510 P. 2d 145.

## ORDER

Now, June 10, 1974, it is ordered that defendant's motion for judgment on the pleadings be and the same is hereby dismissed.