## McGinty v. St. Agnes Hospital

*Stephen M. Feldman* and *Harris J. Sklar,* for plaintiff.

*Jonathan Wheeler, John J. O'Brien, Richard S. March* and *Arnold Lovitz,* for defendants.

PRATTIS, *J.*, May 29, 1979—This matter is before the court on a petition for reconsideration of additional defendant's, Eastwick Center, Inc. (hereinafter referred to as Eastwick), motion for summary judgment.

In an opinion and order dated March 10, 1976, Eastwick's motion for summary judgment was denied. Eastwick now petitions for reconsideration on the grounds that the recent Pennsylvania Superior Court's decision, Lasprogata v. Qualls, October Term, 1978, no. 1240 (1979), is contrary to our order and entitles it to summary judgment in this matter.

The court in Lasprogata, supra, held that a tortfeasor, who originally caused an injury, and a physician, who negligently treated the injury, are not joint tortfeasors.

The facts of Lasprogata show that plaintiff brought suit in trespass against the driver of the motor vehicle involved in an accident wherein he sustained a fractured right femur. The lawsuit was concluded when plaintiff signed a general release in which he released the driver, for the sum of $15,000, from further liability on the claim. Sub-

sequently, plaintiff brought suit against the physician who performed an open reduction surgery, the hospital, and the manufacturer and distributor of the surgical products involved in the operation. The physician joined the driver of the vehicle as an additional defendant. The driver moved for summary judgment on the basis of the release that plaintiff had executed in the prior action.

The lower court dismissed the complaint against the original tortfeasor on two grounds. First, the court reasoned that the doctor's complaint against the driver failed to state a valid cause of action because the injuries sustained by plaintiff arose, in part, from the unrelated action of the doctor alone, thus negating the status of joint tortfeasors between the doctor and the driver. Secondly, the driver had been released from any potential liability and therefore owed no moneys to plaintiff nor to the doctor, who was accountable for his own allegedly negligent acts.

In upholding the lower court's decision, the Superior Court noted: ["As we have held in Embery v. Borough of West Mifflin, et al., ___ Pa. Superior Ct. ___, 390 A. 2d 765 (1978), to the extent that the acts of the original tortfeasor and those of the physician are capable of separation, the damages should be apportioned accordingly."] This position is supported by the Restatement, 2d, Torts, §§434 and 457, which have been adopted by Pennsylvania case law. See Thompson v. Fox, 326 Pa. 209, 212, 192 Atl. 107 (1937); Embery, supra, at 769.

Restatement, 2d, Torts, §434, provides in pertinent part:

"(1) It is the function of the court to determine . . . (b) whether the harm to the plaintiff is

capable of apportionment among two or more causes; and . . .

"(2) It is the function of the jury to determine, in any case in which it may reasonably differ on the issue, (a) whether the defendant's conduct has been a substantial factor in causing the harm to the plaintiff, and (b) the apportionment of the harm to *two or more causes*." (Emphasis supplied.)

Section 457 provides: "If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or a negligent manner."

The release, in Lasprogata, covered any damages plaintiff might have sustained as a result of the driver's negligent acts, but plaintiff's damages resulting from the doctor's negligence remained apportionable.

In the case at bar, as noted in our prior opinion, the issue of defendant Eastwick's sole liability has yet to be determined. Unlike Lasprogata, there have been no releases executed which relieve defendants of potential liability. The civil action no. 3233 was brought within the applicable statute of limitations time period and is a viable action, subject to Judge Hirsh's January 21, 1975, consolidation order. Additional defendants Mattei and Nappi may conceivably prove that Eastwick is solely liable to plaintiff for the injuries he sustained. If so, the fact that defendant doctors joined Eastwick after the statute of limitations had run will not operate to let Eastwick out of this case. Whether the acts of Eastwick, as the property owner, and the

additional defendant doctors can be found to be contributing causes to the injuries sustained by plaintiff is a question of causation not properly answerable in a motion for summary judgment: Potere v. Philadelphia, 380 Pa. 581, 112 A. 2d 100 (1955).

While plaintiff's cause of action here is based on malpractice, the alleged malpractice arises from a series of occurrences beginning with a fall on additional defendant Eastwick's property. Pa.R.C.P. 2252(a) allows the joinder of an additional defendant "whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him . . . "

It is also significant to note that Pa.R.C.P. 213(a) permits the court to direct a joint trial or hearing to avoid multiplicity of trials or hearings. Judge Hirsh's consolidation order, therefore, is proper because the several defendants could have originally been joined as codefendants in a single action pursuant to Pa.R.C.P. 2229(b).

Accordingly, for the foregoing reasons, additional defendant Eastwick's petition for reconsideration will be denied.

## ORDER

And now, May 29, 1979, upon consideration of the petition for reconsideration submitted by additional defendant, Eastwick Center, Inc., the answer thereto submitted by additional defendants, Frank Mattei, M.D. and Dominic Nappi, M.D., and the legal memoranda of the aforementioned parties, it is hereby ordered and decreed that the petition is denied.